No. 60.—THE GEORGIA RAIL ROAD & BANKING. Co. plaintiff in error, *vs.* MILES G. HARRIS, *et al.* defendants.

[1.] Where a civil suit was instituted, and judgment obtained in a county in which the defendant did not reside, by an agreement between the plaintiff and defendant, the defendant consenting to acknowledge the jurisdiction: *Held*, that such a judgment was void as against the rights of subsequent judgment creditors, who had obtained their judgments in the manner and place prescribed by law; the Constitution declaring that all civil suits shall be tried in the county wherein the defendant resides.

In Equity, in Greene Superior Court—decision on demurrer, by Judge MERRIWETHER, September Term, 1848.

The facts in this case, are embodied in the opinion of the Court.

HILLYER, for plaintiff in error.

CONE, for defendants.

*By the Court.*—WARNER, J. delivering the opinion.

It appears, from the record in this case, that in the year 1840, the plaintiff in error instituted an action of assumpsit, in the Superior Court of Clark county, against Francis C. McKinley, as the surviving copartner of Seymour & McKinley, and obtained judgment against said McKinley, for the sum of five thousand seven hundred and twenty-one dollars and fifty cents. It also appears that at the time the said suit was instituted, in the county of Clark, McKinley was a citizen of, and resided in the county of Greene, in this State. When the suit was instituted in the county of Clark against McKinley, he acknowledged due and legal service of the declaration, waived a copy thereof, and process and service by the sheriff, and also waived all exceptions to the jurisdiction of the Court, and *acknowledged* the same. It also appears, from the record, that in March, 1848, the defendants in error obtained a judgment against said McKinley, for the sum of nine thousand seven hundred and fifty dollars and fifty-seven cents, which is unsatisfied, and that there is now in the hands of the sheriff of Morgan county, the sum of seven thousand dollars, raised by the sale of McKinley's property, out of which the plaintiff in error claims to have his judgment satisfied, in

528 SUPREME COURT OF GEORGIA.

Georgia Rail Road & Bkg. Co. vs. Harris, et al.

preference to the judgment of the defendants in error, on the ground that it is of older date; and that said McKinley is wholly insolvent, and has no other property or means to satisfy the judgment of the defendants in error. The defendants in error filed their bill in the Court below, alleging the foregoing facts, and also charge that the said McKinley was not an inhabitant or resident of the county of Clark at the time of the commencement of said suit, nor at any other time, but was, at the time of the commencement of said suit, a resident of the county of Greene, all of which was well known to the plaintiff in error; and that said suit was commenced in the county of Clark, by an agreement and understanding between the said McKinley and the plaintiff in error, by a fraudulent combination between them, for the purpose of deceiving the defendants in error and the other creditors of said McKinley, and to keep them in the dark, and conceal from their knowledge the fact that such suit was progressing against said McKinley, and that they had no knowledge such suit had been commenced, or such judgment obtained, until several years afterwards.

The prayer of the bill is, that the judgment obtained in the county of Clark against McKinley may be declared void, as against the defendants in error, who are subsequent judgment creditors of said McKinley, and be postponed and perpetually enjoined from enforcing the same against the rights of the defendants in error. The plaintiff in error demurred to the bill in the Court below, for want of equity, and that it should have been filed in the county of Clark; which demurrer was overruled; whereupon the plaintiff in error excepted, and now assigns the same for error here.

One of the defendants (McKinley) resides in the county of Greene, as is shown by the record, and who is the defendant in the judgment sought to be set aside; therefore, the bill was properly filed in the county of Greene, the residence of one of the defendants, who is interested in the decree which may be made in the cause. There was no error in the Court below, in overruling the demurrer on that ground.

[1.] Was the judgment obtained by the plaintiffs in error, under the circumstances stated in the record, a good and valid judgment, as against the rights of the defendants, who are subsequent judgment creditors? We think not, for the reason that it is

against the *declared policy* of the laws of this State, which the parties, by their agreement, cannot control or abrogate, so far as the rights of third persons are concerned. Such a practice would necessarily operate as a fraud upon the laws of the State, as well as upon the rights of creditors. The 1st section of the 3d article of the Constitution declares, that *"all civil cases shall be tried in the county wherein the defendant resides."* Prince, 910. The 3d section of the Judiciary Act of 1799, declares, " The said Superior and Inferior Courts shall have full power and authority to hear, and determine all causes, both civil and criminal, of which they shall severally have *jurisdiction, according to the Constitution and laws of the State."* Prince, 419. The suit in the county of Clark, against McKinley, was a civil case, and the Constitution is imperative, that all *civil cases shall be tried* in the county wherein the *defendant resides.* But, it is said, this provision of the Constitution was intended exclusively for the benefit of the defendant, and he may waive it.

Whatever may have been the intention of the framers of the Constitution, it is not for us to know, beyond what they have said in clear and explicit terms. If, however, we permit the Judiciary Act of 1799, to be explanatory of the intention of the framers of the Constitution, it will be apparent that something more was meant than a *mere privilege* to defendants. The 26th section of the Judiciary Act of 1799, declares, " No confession of judgment shall hereafter be entered up, but in the county where the defendant or defendants may reside." *Prince,* 427. If this clause of the Constitution was intended for the benefit of defendants only, why not permit them to consent to be sued in any county in the State, and confess judgment in any county, and have the same entered up in any county, other than the residence of such defendants ?

But we are of opinion, there is at least one good and substantial reason, why all civil cases should be tried in the county wherein the defendant resides, and all judgments entered up there, without regard to the convenience of such defendant. By our law, judgments create a *lien* upon the property of the defendant from their date, and it is highly important, especially to the creditors of the judgment debtor, there should be a *definite* place or locality, where such liens can be ascertained and known to exist, by all persons interested. The Constitution has fixed the county

of the defendant's residence as *that place,* and all judgments obtained in any county or place, other than that prescribed by the law of the land, by any agreement, artifice, or consent of the defendant, necessarily operates as a surprise and fraud upon the rights of third persons, who must be presumed to direct their inquiries to the place of the defendant's residence, for a knowledge of such judgment liens, because the law requires such liens to be obtained *there.* As was well said by the counsel for the defendants in error, if by *consent* of the defendant in the judgment, the fundamental law of the land can be defeated, and abrogated and jurisdiction thereby conferred in any county, other than that of the defendant's residence, suits might be instituted in the county of Camden, or other remote county, judgments obtained, and the creditors of the judgment debtor, as well as all other persons interested, remain in total ignorance of the fact of such suits or judgments. By the 2d section of the Act of 1827, all mortgage deeds upon real property, are required to be recorded in the county in which such real estate shall be located, and all mortgage deeds of personal property shall be recorded in the county in which the mortgagor resided at the time of the execution of the mortgage. If it is competent for the debtor, by *consent* with his creditor, to authorize a suit and judgment, in any other county than that prescribed by law, so as to create a valid lien upon the property of the debtor, as against other creditors—so it would be competent for the mortgagor, by an *agreement* with the mortgagee, to have his mortgage recorded in some distant county, from that of his residence, and the mortgagee be permitted to assert the *priority* of his lien, against subsequent mortgagees, whose mortgages had been recorded in the proper county, without any knowledge of the prior mortgage, recorded in such distant county. Such a practice would, in our judgment, open the door for the perpetration of the most flagrant and intolerable frauds upon the rights of the *law abiding* portion of our citizens, and ought not for a moment, to receive the sanction of the judicial tribunals of the country. All acts, and deeds, *judicial* as well as extra-judicial, if mixed with fraud, are void. *Fermor's case,* 3 *Coke,* 77. The want of jurisdiction is a matter that may always be set up against a judgment, when sought to be enforced, or where any benefit is claimed under it. *Latham vs. Edgerton,* 9 *Cowen's Rep.* 229. To give any binding effect to a judgment, it is essential that the

Court should have jurisdiction of the *person* and of the subject matter. *Borden vs. Fitch*, 15 *John. R.* 141. If a Court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause, without having gained jurisdiction of the *person*, by having him before them in the manner *required by law*, the proceedings are void. *Bigelow vs. Starnes*, 19 *John. Rep.* 40. The judgment obtained in Clark, against McKinley, under the circumstances stated in the record, was a *fraud* upon the law, as well as his creditors, and cannot form the basis of a right to a *lien* upon the defendant's property, to the exclusion of his subsequent judgment creditors, who have obtained their judgments in the manner and place prescribed by law. *Jackson vs. Jackson*, 1 *John. R.* 431. *Borden vs. Fitch*, 15 *John.* 146. How far this judgment might be binding on the defendant himself, we express no opinion, preferring to leave that an open question.

Let the judgment of the Court below, be affirmed.