## ZACHARY vs. CADENHEAD.

[ACTION AGAINST MARRIED WOMAN ON PROMISSORY NOTE.]

1. *Sufficiency of complaint, in action against wife for debt contracted before marriage.*—Under the provisions of the Code, (§ 1981,) the wife is liable for a debt contracted by her before marriage, as if she still were unmarried; and in declaring against her on such debt, it is not necessary to aver that she has a separate estate.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Monroe Cadenhead, against Mrs. Priscilla Zachary, and was commenced on the 12th September, 1859. The complaint was in the following words: "The plaintiff claims of the defendant the sum of six hundred and eighty-seven 81-100 dollars, due by promissory note made by her, under and by the name of Priscilla Hagin, on the 22d February, 1858, and payable to Nancy B. Cadenhead, or bearer, on the 25th December, 1858, with the interest thereon; which said note is the property of plaintiff. And plaintiff further avers, that the said Priscilla Hagin, after the execution of said note, intermarried with one Abner Zachary, and is now the wife of said Abner Zachary, and has a separate estate."

The defendant demurred to the complaint, "in short by consent," and assigned the following as grounds of demurrer: "1st, that said complaint fails to set forth what separate estate was held by her; 2d, that it fails to proceed against and point out the separate estate against which plaintiff proceeds; 3d, that it does not aver that the defendant had a separate estate at the making of the note; 4th, that it fails to aver that she had said separate estate when the suit was commenced, and fails to describe said separate estate; 5th, that it fails to aver that she has a separate estate under the statute." The court overruled the demurrer, and the defendant pleaded, "in short by consent, that

Zachary v. Cadenhead.

at the time of the commencement of this suit, the defendant was a married woman, the wife of A. D. Zachary, and that she did not, at the time of making said note, nor at the time of the commencement of this suit, have any separate estate under the statutes of the State of Alabama; but that she had a separate estate, consisting of slaves, created by will before the first day of January, 1848." The plaintiff demurred to this plea, " in short by consent," and assigned the following as causes of demurrer: "1st, that the averments of said plea present no answer to said complaint; 2d, that said plea does not aver that the defendant was a married woman at the time of the making of said note; 3d, that said plea does not negative the fact that, at the time said note was executed, the defendant was unmarried, and has since married; 4th, that a married woman may be sued alone, for debts contracted before her marriage, and the plea does not negative these facts." The court sustained the demurrer, and, the defendant declining to plead over, rendered judgment for the plaintiff, for the amount due on the note. The judgment of the court, and its rulings on the pleadings, are now assigned as error.

GUNN & STRANGE, for appellant.
CLOPTON & LIGON, contra.

BYRD, J.—The husband is not liable for a debt of the wife contracted before marriage, if contracted since the adoption of the Code.—Code, § 1981. To recover on such debt, she must be sued alone, and her separate estate is liable to the satisfaction thereof, as if she were an *unmarried woman*. If unmarried, certainly, at common law, and under our statute law, any estate, separate or other, then belonging to, or afterwards acquired by her, would be liable to the satisfaction of such a debt, as long as she was the owner thereof and unmarried; and in a suit on such a debt against her after marriage, it would be unnecessary to aver that she had or has a separate estate, in order to entitle the plaintiff to a recovery; for, as to that debt, and as to the liability of her separate estate to its satisfaction, she

has to be sued, and satisfaction of the judgment enforced, "as if she were an unmarried woman."

Before her marriage, the creditor could sue her, and obtain a general judgment; and all property then owned by her, or acquired afterwards, would be liable to the satisfaction of the judgment. Section 1981 of the Code does not change this liability by the act of marriage, but, as to antenuptial debts, leaves her liability unchanged. To hold otherwise, would be to allow her to change her relation and liability to her creditors by her own act, and to lessen their security; while at common law, the act of marriage did change that relation and liability, but it increased the security of the creditor, by making the husband also liable for the debt during marriage.

The averment in the complaint, that she had "a separate estate," was unnecessary, and surplusage.

The case of *Ravisies v. Stoddart & Co.*, (32 Ala. 599,) and other cases in harmony with it, are not in conflict with the doctrines of this opinion. Those cases are founded on section 1987 of the Code, and are expressly put upon the ground that, for the contracts specified in that section, "the separate estate of the wife is liable, to be enforced by action at law" against the husband and wife jointly, or against him alone. The rules, therefore, laid down in those cases, are not applicable to this.

The complaint, being in comformity to the views above expressed, and to sections 2227 and 2228 of the Code, was sufficient; and the court properly overruled the demurrer to the complaint, and sustained the demurrer to the plea. The judgment rendered by the court is correct in form and substance.

The judgment is affirmed.