### 1995.   BUFFORD *v.* WILKINSON, BOLTON & COMPANY.

The provisions of section 3722 of the Civil Code of 1895, which allow a creditor, in the absence of a direction by the debtor, to apply a payment made by the latter to any of the several demands which the former may hold against him, are applicable (where no rights of third parties will be affected) even though the payment be derived from the proceeds of property upon which the creditor has a special lien, and be applied to an unsecured indebtedness.

Complaint; from city court of Washington—Judge Tutt presiding. June 17, 1909.

Submitted July 20, 1909.—Decided February 22, 1910.

*F. H. Colley, I. T. Irvin Jr.,* for plaintiff in error.

*J. M. Pitner,* contra.

POWELL, J. Bufford, being indebted to Wilkinson, Bolton & Company in the sum of $300 for supplies furnished him in the year 1906, and desiring to obtain advances with which to make his

crop in 1907, gave a note to them for $900; and, to secure the pre-existing debt, of $300 and advances to be made, which were represented in the note, executed to them a bill of sale, covering his crops for the year 1907. During the season of 1907 Bufford purchased supplies from Wilkinson, Bolton & Company until his total indebtedness amounted to more than $1,100. As his crop was gathered it was delivered to the merchants, and by them sold and the proceeds applied first to the payment of the open account not included in the note secured by the bill of sale, and the remainder was credited upon the note. The judge charged the jury in terms of §3722 of the Civil Code of 1895, that "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election." No other question was submitted by the court to the jury than the single issue as to whether the debtor had given the creditor direction as to the appropriation of the payments made by him. In addition to the section of the code quoted above, the judge charged the jury as follows: "If you believe from the evidence that the defendant did not direct the plaintiffs to apply the payments made by him to any particular claim, then the plaintiffs would have the right to apply them as they saw fit; or if you believe from the evidence that the defendant, with full knowledge of the fact that such payments had been applied to a particular debt, acquiesced therein, then each application of these payments would be binding on the defendant."

When the rights and equities of third persons are involved, there may be reason why a creditor holding several demands against his debtor, some secured and some unsecured, shall not take the proceeds of property on which he has a lien and apply them to unsecured indebtedness. The debtor, of course, in the absence of such outstanding equities, can always direct that the payment be applied to the secured rather than to the unsecured claim. If he fails to give any direction, there is an implication that he intends that the creditor should use his own discretion and choice as to where he will apply the payment. If the property is worth more than the secured debt, and the debtor wishes to pay off the lien, in order to release it he should direct the payment to be made upon the secured indebtedness. If the property is worth less than the

amount of the lien, and he gives no direction as to the application of a payment derived from the proceeds of the property, he is not hurt in any way if the creditor applies it to a non-secured claim, for the creditor thereby, pro tanto, diminishes the security and renders his debt unsecured to the extent that there has been a subtraction of the property on which he held the lien.    Certainly where the debtor acquiesces in the appropriation, it is proper for the court to recognize the creditor's right to apply the payment to the unsecured rather than to the secured indebtedness.    The case is controlled by *Coxwell* v. *DeVaughn, 55 Ga.* 643.    It is our opinion, therefore, that the judgment should be

*Affirmed.*  *Russell, J., dissents.*