BECKER, Respondent, vs. NOEGEL, Appellant.

*December 8, 1916—January 16, 1917.*

*Bills and notes: Validity: Discharge of prior indebtedness: Married*
*woi... .sn: Consideration.*

1. A note given on Sunday to take up a note previously given is in-
   effectual to discharge the indebtedness on such prior note.
2. Where the maker of a note was a widow and had separate estate
   at the time the note was in fact made, it is immaterial that at
   the date of the note she was a married woman with no sep-
   arate property or business.
3. Where the payee in a note made by father and son accepted there-
   for, after the father's death, a note of the widow (to whòm the
   estate of her husband had come), and thereby waived a claim
   against said estate and also discharged the indebtedness of the
   son, either the waiver or the discharge was a sufficient consider-
   ation for the widow's note.

APPEAL from a judgment of the circuit court for Wash-
ington county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Action on a promissory note.

The making and delivery of the note were admitted; but
it was claimed that there was no consideration to support it
and that when it was made, defendant was a married woman,
having no separate property or business.

The case was decided on these undisputed facts: About
May 7, 1910, George Noegel, defendant's son, borrowed
$800 from plaintiff, giving his promissory note with his
father, Conrad Noegel, as an accommodation maker, due in
one year; the transaction on the part of plaintiff being con-
ducted by her husband. May 7, 1911, which was a Sunday,
the note was taken up by a new note signed by defendant
and her son. There was then real estate in the name of her
husband, but none owned by her in her own name. July 1,
1911, he deeded his real estate and conveyed all his personal
property to her. July 14th, thereafter, he died. There-
after she signed the note in suit, and with it took up the one

signed by her and her son.    For convenience in computing
interest it was dated May 7, 1911, the due date of the first
note.    When she gave the last note, she said she owned all
the property and ought to pay the debt and promised to pay
it by signing the note.    When the second note was signed,
her husband was very sick.    She recognized the note by pay-
ing interest thereon for two years.    The property trans-
ferred to her was more than enough, over exemptions, to pay
all Mr. Noegel's debts.

Judgment was rendered on such facts for plaintiff and de-
fendant appealed.

For the appellant there were briefs by *John W. Burk-
hardt* and *Timlin & Dean,* all of Milwaukee, and oral argu-
ment by *Mr. Patrick W. Dean* and *Mr. Burkhardt.*

*J. C. Russell* of Hartford, for the respondent.

MARSHALL, J.    A brief treatment of objections made on
behalf of appellant to the judgment is all that seems neces-
sary.

The fact that the second note was void because made on
Sunday, rendered the transaction ineffectual to discharge the
indebtedness on the first note.    It existed at the time the
note in suit was made and plaintiff had a valid claim there-
for against the estate of defendant's husband and against her
son.

The fact that appellant was a married woman at the date
of the last note is not material, since she was not such when
the note was in fact made.    She was not then under any
disability whatever.

When the last note was given, the indebtedness which was
incurred when the first note was given, not only existed
against the estate of defendant's husband, but against her
son.    The void transaction did not discharge such indebted-
ness as to either.    Appellant was vitally interested in pro-
tecting the estate of her husband from being called upon to

pay the same. By respondent taking the last note, she waived her claim against the estate and discharged the indebtedness of the son. Either was a sufficient consideration to support the note, as the trial court held, referring to sec. 1675—50, Stats., which embodies a familiar principle of unwritten law. 1 Randolph, Comm. Paper (2d ed.) § 470; 7 Cyc. 701–4; 1 Daniel, Neg. Inst. (4th ed.) § 185.

*By the Court.*—The judgment is affirmed.