16428.  PARKS, administrator, *et al. v.* SAVANNAH BANK & TRUST COMPANY.

STEPHENS, J.  1. Although by the terms of a promissory note collateral is pledged "to secure the prompt payment of this note or any general balance or other liability due or to become due" to the payee of the note, yet where the note contains a further provision that the payee may "collect, sell or otherwise dispose of the whole or any portion of said collaterals . . upon default by the maker in the payment of any money due hereon or upon nonperformance of this contract in any other respect by the maker, the net proceeds of any such sale or sales shall be applied first to the payment of all indebtedness due hereunder, any surplus remaining to be accounted for to the maker," the collateral will be regarded as specially pledged, first to the security of the indebtedness represented by the note, and secondarily to other indebtedness of the maker to the payee.

2. Where such note is further secured by the personal indorsement of sureties, the payee can not, on default as to payment of the note, apply the collateral, to the detriment and loss of the sureties, upon other indebtedness of the maker for which the collateral is only secondarily liable.

3. In a suit against the sureties upon the note, where it appeared that a part of the collateral, consisting of promissory notes belonging to the maker, was collected and the proceeds applied by the payee, without the consent of the sureties, to an indebtedness due to the payee by the maker on which the sureties were in no wise liable, the sureties were entitled to plead as a payment upon the note sued on the amount of the collateral so applied upon the other indebtedness.

4. The judgment for the plaintiff for the full amount of the note sued upon is reversed as to all the plaintiffs in error except N. McQueen, represented by B. G. Parks, administrator. As to the latter party the judgment is affirmed, since counsel for plaintiffs in error concede that since that party was a surety upon the other indebtedness by the maker to the payee of the note sued upon, on which the payee had applied the collateral, such party suffered no injury or loss thereby.

*Judgment affirmed as to B. G. Parks, administrator, and reversed as to the other plaintiffs in error. Jenkins, P. J., and Bell, J., concur.*

DECIDED NOVEMBER 16, 1925.

Complaint; from city court of Waycross—Judge Crawley. February 14, 1925.

*M. Price, O. C. Darsey,* for plaintiffs in error.
*W. L. Clay, Wilson, Bennett & Pedrick,* contra.