## 22255.  HIGH COMPANY v. ARRINGTON.

BROYLES, C. J.  1. "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated.  If he fails to do so, the creditor has the right to appropriate at his election.  If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons.  As a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties."  Civil Code (1910), § 4316.  However, there is an exception to the general rule where some items of an account are secured and other items are unsecured.  In such a case it is equitable for the law to direct the payments to be applied first to the extinguishment of the unsecured debts.  *Horne* v. *Planters Bank*, 32 *Ga.* 1, 12; *Field* v. *Holland*, 6 Cranch, 8, 27 (3 L. ed. 136) ; 48 C. J. 659, § 112.

2. Applying the foregoing principles of law to the undisputed facts of this case, a verdict for the plaintiff was demanded, and the judge of the superior court erred in overruling its certiorari.

3. The material facts in the case being undisputed, and the question of law governing the case being clearly resolved in favor of the plaintiff, it is unnecessary to send the case back for another hearing in the trial court (municipal court of Atlanta, DeKalb division), and the judge of the superior court of DeKalb county is directed to render a final judgment in favor of the plaintiff.  See Civil Code (1910), § 5201.

*Judgment reversed, with direction.  Luke, J., concurs.  Bloodworth, J., absent on account of illness.*

DECIDED JUNE 15, 1932.  REHEARING DENIED JULY 11, 1932.

*Grant & Long,* for plaintiff.  *Poole & Fraser,* for defendant.