23085. FIRST NATIONAL BANK OF COMMERCE *v.* SIMMONS.

STEPHENS, J. 1. The risk of a surety on an unsecured claim is not increased by a failure of the creditor to apply towards the payment of the debt the proceeds derived from the sale of property levied on belonging to the principal debtor, made to satisfy another claim of the creditor against the debtor.

2. Where funds of a debtor, to be applied towards the payment of his debts, come involuntarily into the hands of a creditor having more than one demand against the debtor, payment will be made in such manner as is reasonable and equitable. Where a creditor having a demand against his debtor,—as a note,—secured by a surety, obtains funds belonging to the debtor from the sale of property of the debtor under an execution on a judgment against the debtor, it is not equitable to give the surety the benefit of the creditor's judgment lien, by applying the proceeds derived from the sale to a discharge of the demand against the surety. Civil Code (1910), § 4316; *Horne* v. *Planters Bank*, 32 *Ga.* 1; *Baumgartner* v. *McKinnon*, 10 *Ga. App.* 219 (2) (73 S. E. 519); *High Company* v. *Arrington*, 45 *Ga. App.* 392 (165 S. E. 151); *Morrison* v. Citizens National Bank, 65 N. H. 253 (20 Atl. 300, 9 L. R. A. 282, 23 Am. St. R. 39).

3. In a suit by a creditor against a surety on a note, a plea by the defendant that the creditor had, from a levy and sale of property belonging to the principal, collected money enough to cover the amount of the indebtedness sued on, but that, instead of using it to discharge the indebtedness sued on, he converted part of the funds to the payment of "other obligations" of the principal on which the defendant surety was not liable, and that this act of the creditor thereby increased the risk of the surety and discharged the latter's liability on the note sued on, fails to set up any act of the creditor which increased the surety's risk. In failing to allege what portion of the funds of the principal, collected by the creditor, was over and above that applied to other obligations of the principal, and in failing to allege what amount of credit, if any, should be made on the note sued on by an application of any of the principal's funds towards the payment thereon, the plea is insufficient to set up a discharge of the surety in any amount as a partial payment on the principal of the note sued on.

4. The renewal of a note by taking a new note between the same parties in the same relationship, at the same rate of interest, but extending the time of payment, although the new note is in a less amount which represents a balance due on the principal after a payment reducing the indebtedness represented by the old note has been made, does not con-

stitute a novation of the contract represented in the old note, but is merely a contract extending the time of payment of the original indebtedness as reduced by the payment made thereon. Civil Code (1910), § 4226; *Partridge* v. *Williams*, 72 *Ga.* 807; *Bonner* v. *Woodall*, 51 *Ga.* 177; *Carlton Supply Co.* v. *Battle*, 142 *Ga.* 605 (83 S. E. 225); *Moncrief* v. *Atlanta & Lowry National Bank*, 36 *Ga. App.* 371 (136 S. E. 825); 8 C. J. 440, 443.

5. The marriage of a woman does not discharge her from a prenuptial obligation. 13 R. C. L. 1219; Zachary *v.* Cadenhead, 40 Ala. 236; Travis *v.* Willis, 55 Miss. 557; Callahan *v.* Patterson, 4 Tex. 61 (51 Am. D. 712); Becker *v.* Noegel, 165 Wis. 73 (2) (160 N. W. 1055). Where a note executed by an unmarried woman as surety is, after her subsequent marriage, renewed for a less amount and at the same rate of interest for an extended period of time, by a renewal note which she while a married woman executed as surety, her execution of the renewal note as surety does not discharge her from her original prenuptial obligation under the original note.

6. This being a suit upon a promissory note to which the defendant pleaded that she executed the note as a surety when at the time she was a married woman, and therefore was not liable on the contract, and that also, by reason of the application by the plaintiff (the payee of the note) of a portion of the funds (but it not appearing how much) belonging to the principal, derived from a levy and sale of property belonging to the principal under an execution in favor of the plaintiff against the principal, to another indebtedness of the principal to the plaintiff, the defendant's risk as surety was increased and she was thereby discharged, and was not liable, the court did not err in overruling the demurrer to that portion of the plea setting up the defense that the defendant executed the note sued on (the note appearing as an original obligation), as surety while a married woman, but did err in overruling the demurrer to that portion of the plea which set up the defense that the defendant was discharged by the appropriation by the plaintiff of funds of the principal to another debt of the principal to the plaintiff. Where the plaintiff offered an amendment, which was allowed subject to demurrer, alleging that the note sued on was a note between the same parties in the same relationship, renewing, at the same rate of interest but in a reduced amount, the indebtedness represented by the old note, and extending the time of payment from that provided for in the old note, which old note the defendant executed as surety while she was not a married woman, the petition as amended set out a cause of action against the defendant, and the court erred in sustaining the demurrer to the amendment.

7. The court having erred in its ruling on the pleadings as indicated, all the subsequent proceedings resulting in a verdict and judgment for the defendant were nugatory.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 15, 1934.

*Pemberton Cooley, Alexander Stephens,* for plaintiff.
*Wheeler & Kenyon,* for defendant.