28162. BARNETT *v.* CULBERSON, sheriff.

DECIDED MAY 13, 1940.

H. S. *Brooks*, John F. *Echols*, for plaintiff.
G. W. *Westmoreland*, for defendant.

FELTON, J. H. G. Barnett filed a rule in the city court of Jefferson against R. M. Culberson, alleging that a constable levied on 41 bushels of corn "in the field" by virtue of a distress warrant in favor of the plaintiff against Edgar V. Mahaffey, which was for more than $100, and turned the distress warrant and levy over to the sheriff, and that the sheriff refused to bring the corn to sale and pay plaintiff the proceeds. Upon the issues raised by the sheriff's response to the rule, on an agreed statement of facts the judge found in favor of the sheriff and discharged the rule. To this order the plaintiff excepted.

1. The constable's sole duty in the execution of a distress warrant involving more than $100 is to make a levy and deliver the

warrant with a return of the property levied on to the sheriff of the county or his deputy. Code, § 61-402. In this case the constable turned the papers over to the sheriff, making the statement at the time that all of the property levied on had been replevied. The sheriff filed the papers with the clerk of the court, without examining them, and did not know that any corn had been levied on until after a claim filed to some of the property had been dismissed. It was the duty of the sheriff to receive the replevy bond himself or to ratify its acceptance by the constable. In any event it was his duty to see to it that a valid bond was given for all of the property released. It will be observed that the corn was levied on in the field, and could not be promptly delivered to the sheriff.

2. Mahaffey lacked 1199 pounds of lint-cotton of fully paying his rent to Barnett for the year 1936. When he rented the land for 1937 he agreed to add the 1199 pounds of cotton to the 2000 pounds rent for the year 1937, making a total of 3199 pounds, for which he executed his note. During the year 1937 he paid 2004 pounds of lint-cotton on the note. The record does not show anything with reference to whether the tenant gave any direction as to the application of the payment of the 2004 pounds. In the absence of any direction as to the application of the credit, the landlord had the right to apply it first to the balance due for the year 1936, and the balance on 1937 rent, and to foreclose the lien for the balance due as for 1937 rent. *Coxwell* v. *DeVaughn,* 55 *Ga.* 643; *Bufford* v. *Wilkinson Bolton Co.,* 7 *Ga. App.* 443 (67 S. E. 114); *Parks* v. *Simpson,* 124 *Ga.* 523 (52 S. E. 616).

3. After the levy on the corn Mahaffey took out a homestead on the corn levied on, which it is agreed was grown on the rented land in 1937. In view of the ruling in division 2 of this opinion, the homestead was not valid, inasmuch as it was ineffectual as against the lien for rent for the year in which the corn was grown. *Shirling* v. *Kennon,* 119 *Ga.* 501 (46 S. E. 630).

4. The question whether the levy on homestead property was legal or not is not in this case, because the homestead was issued after the levy. It was error for the court to discharge the rule.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*