### 33397. BANK OF GEORGIA *v.* CARD.

DECIDED JUNE 14, 1951.

*Houston White, Emory A. Schwall,* for plaintiff.

*John E. Feagin, R. E. Jones,* for defendant.

MacINTYRE, P. J. "The provisions of  .  .   [Code § 20-1006], which allow a creditor, in the absence of a direction by the debtor, to apply a payment made by the latter to any of the several demands which the former may hold against him, are applicable (where no rights of third parties will be affected) even though the payment be derived from the proceeds of property upon which the creditor has a special lien, and be applied to an unsecured indebtedness." *Bufford* v. *Wilkinson, Bolton & Co.,* 7 *Ga. App.* 443 (67 S. E. 114).

"When the rights and equities of third persons are involved, there may be reason why a creditor holding several demands against his debtor, some secured and some unsecured, shall not take the proceeds of property on which he has a lien and apply them to unsecured indebtedness. The debtor, of course, in the absence of such outstanding equities, can always direct that the payment be applied to the secured rather than to the unsecured claim. If he fails to give any direction, there is an implication that he intends that the creditor should use his own discretion and choice as to where he will apply the payment." *Bufford* v. *Wilkinson, Bolton & Co.,* supra.

" 'When a debtor fails to avail himself of the power which he possesses, in consequence of which that power devolves on the creditor, it does not appear unreasonable to suppose that he is content with the manner in which the creditor will exercise it. It being equitable that the whole debt should be paid, it cannot be inequitable to extinguish first those debts for which the security is most precarious.' And this is, we think, the weight of authority in this country and the courts have gone so far as to hold that a security, or accommodation endorser, cannot be

relieved at the expense of the creditor." *Horne* v. *Planters' Bank of Georgia*, 32 *Ga.* 1, 12.

"The risk of a surety on an unsecured claim is not increased by a failure of the creditor to apply towards the payment of the debt the proceeds derived from the sale of property levied on belonging to the principal debtor, made to satisfy another claim of the creditor against the debtor. . . Where funds of a debtor, to be applied towards the payment of his debts, come involuntarily into the hands of a creditor having more than one demand against the debtor, payment will be made in such manner as is reasonable and equitable. Where a creditor having a demand against his debtor—as a note—secured by a surety, obtains funds belonging to the debtor from the sale of property of the debtor under an execution on a judgment against the debtor, it is not equitable to give the surety the benefit of the creditor's judgment lien, by applying the proceeds derived from the sale to a discharge of the demand against the surety. . . [Code § 20-1006]; *Horne* v. *Planters' Bank of Georgia*, . . [supra]; *Baumgartner* v. *McKinnon*, 10 *Ga. App.* 219 (2) (73 S. E. 519); *High Company* v. *Arrington*, 45 *Ga. App.* 392 (165 S. E. 151); Morrison *v.* Citizens National Bank, 65 N. H. 253 (20 Atl. 300, 9 L.R.A. 282, 23 Am. St. R. 39)." *First National Bank of Commerce* v. *Simmons*, 48 *Ga. App.* 728 (1, 2) (173 S. E. 241).

In *Baumgartner* v. *McKinnon*, 10 *Ga. App.* 219 (supra), it is said: "[Code § 20-1006], relating to the application of payments, is as follows: 'When a payment is made by a debtor to a creditor holding several demands against him, the debtor has a right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election. If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons. As a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties.' As we construe this section, its latter portion imposes no limitation on the right of either of the parties, as previously stated, if either has exercised the option conferred by law, the debtor having first the privilege of directing the ap-

plication of the payment he makes; for the direction by law occurs only 'if neither exercises this privilege.' Of course, where a fund is brought before the court for distribution according to law, and it is discovered that by reason of a legal priority the rights of a third person are involved and are superior to those of the creditor who has received a payment, the previous disposition of that fund, whether it has been applied upon the creditor's demand at the instance of the debtor, or in the absence of such direction, by the creditor himself, becomes immaterial, and the provisions of . . [Code § 20-1006] have no application to the case."

Under the facts of this case certain money was turned over to the creditor, Bank of Georgia, or its attorney acting for the bank, by the Marshal of the Civil Court of Fulton County under a foreclosure of a deed to secure debt given to secure the note which is the subject matter of the present suit. One of the provisions of the note was: "A lien is granted to the holder hereof, as security for the payment of this note and/or any other liability of any maker to the holder, whether due or not due, or whether now existing or hereafter contracted . . on all . . property of any maker and of which the holder has possession, custody or control, or may hereafter come into possession, custody or control . . but the failure to apply any part or all of same to this or any other indebtedness shall not affect the liability of any party hereto." The bill of sale to secure the note contained the following provision: "This instrument shall be construed to be a bill of sale passing title to secure debt evidenced by a note signed by the party of the first part, payable to the order of The Bank of Georgia . . and also to secure any and all renewals and extensions hereof, together with all such other sums as are now or do become hereafter owing by the party of the first part to the said bank, whether owed directly or indirectly, or whether primarily or secondarily, or whether conditionally or unconditionally." Subsequently to the execution of the note and the bill of sale to secure the debt, the maker of the note, one Kienel, became indebted to the bank on a check for $700, on which there was still due at the time of the foreclosure upon the truck the sum of $552.28. Thus, under the facts of this case, the bank held more than one claim against Kienel and he gave no direction to the bank as to the application of the money derived from the foreclosure of the bill

of sale to secure debt as the payment was an involuntary one. The bank applied the proceeds from such foreclosure to part payment of the balance due on the check. We think the bank was, under the provisions of the bill of sale and the note, at liberty to do as it did. *Coxwell* v. *DeVaughn*, 55 *Ga.* 643; *Hilton* v. *Sims & Co.*, 45 *Ga.* 565; *Rose City Foods Inc.* v. *Bank of Thomas County*, 207 *Ga.* 477 (62 S. E. 2d, 145). It follows that under these facts which were in evidence, the trial court erred in applying the proceeds derived from the foreclosure of the bill of sale to secure debt as a credit upon the note and in rendering judgment for the plaintiff for the difference between that sum and the amount of the note. The judgment under the evidence should have been for the full amount sued for on the note.

The cases of *Parks* v. *Savannah Bank & Trust Co.*, 34 *Ga. App.* 554 (130 S. E. 365); *Clydesdale Bank* v. *Blackshear Manufacturing Co.*, 18 *Ga. App.* 515 (89 S. E. 1051), are differentiated from the present case in that in those cases the collateral was specially pledged to the security of the indebtedness represented by the notes and only secondarily to other claims of the creditor.

*Judgment reversed. Gardner and Townsend, JJ., concur.*