73379. HOWELL v. BANK OF FITZGERALD.
(351 SE2d 258)

McMURRAY, Presiding Judge.

On August 2, 1984, The Bank of Fitzgerald brought suit against Billy Carroll Howell and Mary Garrick Howell in the Superior Court of Ben Hill County. The complaint was couched in two counts. In Count 1, the bank sought a money judgment against Mr. Howell in the amount of $22,141.98 principal, together with interest and attorney fees, pursuant to two promissory notes. In Count 2, the bank sought to set aside a divorce decree in which Mr. Howell's interest in marital property was transferred to Mrs. Howell.

With regard to Count 2 of the complaint, it was alleged that the bank loaned money to Mr. Howell upon his representations that he was the owner of a home in Fitzgerald, Georgia; that the home was actually titled jointly in the names of Carroll Howell and Mary Howell; that on July 26, 1983, Mrs. Howell filed an action for divorce, alimony and equitable division of property against Mr. Howell; that a rule nisi was issued in the divorce action requiring Carroll Howell to appear before the court on September 1, 1983; that on August 29, 1983, Mary Garrick Howell obtained a final decree and judgment of divorce against Carroll Howell; and that, pursuant to the divorce decree, Carroll Howell's interest in the marital residence was transferred to Mary Garrick Howell. It was also alleged that on September 16, 1983, Mr. Howell filed a motion to set aside the final judgment and decree on the grounds that it was taken prematurely and that the Howells never separated from each other; that no ruling was made

upon the motion to set aside the divorce decree; and that, on October 11, 1983, the Howells married each other again. Finally, it was alleged that the divorce decree was procured by the perpetration of a sham or fraud upon the court; and that the transfer of Carroll Howell's interest in the marital home pursuant to the divorce decree was a fraud upon creditors.

A temporary restraining order was issued by the trial court on August 2, 1984, without notice to the Howells and setting the matter down for a hearing on August 27, 1984. Pursuant to the order, the Howells were restrained from transferring property valued in excess of $5,000 until further order of the court.

The Howells separately answered the complaint and denied the material allegations set forth therein. Additionally, Mary Garrick Howell counterclaimed against the bank seeking damages for malicious use of process and malicious abuse of process. Thereafter, a hearing was held to determine the propriety of interlocutory relief. The trial court found that no fraud had been perpetrated by the Howells and that there was no reason to grant equitable relief to the bank. Accordingly, the temporary restraining order was dissolved and further injunctive relief was denied.

Following discovery, Mary Garrick Howell moved for summary judgment and the bank moved for judgment on the pleadings against Billy Carroll Howell. In the meantime, Mrs. Howell voluntarily dismissed her counterclaim without prejudice.

The trial court granted the bank's motion for judgment on the pleadings with regard to Count 1 of the complaint. Accordingly, judgment was entered against Carroll Howell in the amount of $22,141.98, together with interest and attorney fees. The trial court also granted Mary Garrick Howell's summary judgment motion. It found that there was no evidence which would enable the bank to prevail in setting aside the divorce decree.

Thereafter, Mary Garrick Howell brought this lawsuit against the bank seeking damages for malicious use of process and malicious abuse of process. The bank answered the complaint and discovery was undertaken. The following facts may be gleaned from the record: Mr. and Mrs. Howell lived in Fitzgerald, Georgia where Mr. Howell owned and operated a used car business. Over the years, Mr. Howell established a banking relationship with The Bank of Fitzgerald. He borrowed large sums of money from the bank without posting security. Mrs. Howell had no relationship with the bank whatsoever. Moreover, she was unaware of the particulars of Mr. Howell's banking transactions.

Financial statements given to the bank by Mr. Howell showed him to be the owner of real property, including a home on Pecan Boulevard in Fitzgerald. Actually, the home was owned at that time

by Mr. and Mrs. Howell jointly.

Mr. Howell began experiencing financial difficulties. In the summer of 1983, the Howells borrowed $30,000 from a savings and loan institution in order to improve Carroll Howell's financial status. They gave the savings and loan a second mortgage on their home in order to secure the indebtedness. The Howells received two checks representing the proceeds of the loan. The checks were made payable to the Howells jointly. Mrs. Howell gave one of the checks, totalling a little over $15,000 to Mr. Howell. She kept the other one herself. Mr. Howell used his check to pay one of his creditors, Stone Oil, and a small portion of his indebtedness to the bank. Mrs. Howell called the bank and asked what she should do with the other check. Although she was told to bring it to the bank, she decided not to. Instead, she deposited it into a savings account.

An officer of the bank began calling the Howells on Wednesday nights. Mr. Howell was not home on Wednesday nights and Mrs. Howell so advised the bank's officer. Nevertheless, the Wednesday night phone calls continued.

The marital relationship between Mr. and Mrs. Howell was deteriorating rapidly. They did not even speak to each other. On July 26, 1983, Mrs. Howell filed for divorce. For the next month, the Howells continued to occupy the house together; and, on occasion, they slept in the same bed. But they did not communicate with each other and they did not have marital relations. Mrs. Howell asked Mr. Howell to leave the house several times which he refused to do.

Mrs. Howell obtained the divorce decree on August 29, 1983. The decree provided that Mr. Howell's interest in the home on Pecan Boulevard was transferred to Mrs. Howell.

Mr. and Mrs. Howell stayed in the house on the night of August 29, 1983. Mrs. Howell did not tell her husband about the judgment of divorce. The next day, however, Mrs. Howell telephoned Mr. Howell while he was at work. She told him about the divorce decree and demanded that he leave the house.

Mr. Howell returned for his personal belongings and moved to a motel. He stayed there until October 11, 1983. On that day the Howells were married again and Mr. Howell moved back into the house.

Later, Mr. Howell defaulted on his loans with the bank. When the bank discovered how it came to pass that Mr. Howell no longer had an interest in the marital residence, it brought the aforementioned suit against the Howells.

Based upon the foregoing facts, the bank moved for summary judgment upon Mrs. Howell's complaint. The motion was granted and Mrs. Howell appealed. *Held*:

1. In *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414), our Supreme Court defined "anew" the common law torts relating to abusive litiga-

tion. In the words of the court, such a claim has been re-defined as follows: "Any party who shall assert a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall bring or defend an action, or any part thereof, that lacks substantial justification, or is interposed for delay or harassment; or any party who unnecessarily expands the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures, shall be liable in tort to an opposing party who suffers damage thereby. The term 'lacks substantial justification' shall be understood to signify conduct which is substantially frivolous, substantially groundless, or substantially vexatious."

2. "Creditors may attack as fraudulent a judgment, conveyance, or any other arrangement interfering with their rights, either at law or in equity." OCGA § 18-2-21.

3. In view of the circumstances surrounding the rendition of the divorce decree, it cannot be said that the bank's attack upon the divorce decree lacked "substantial justification." Nor can it be said that "it reasonably could not be believed" the court would accept the bank's claim. *Yost v. Torok*, supra. See generally *Hilburn v. Hightower*, 178 Ga. 534 (173 SE 389); *Georgia R. & Banking Co. v. Harris*, 5 Ga. 527 (1848). It follows that the trial court did not err in granting the bank's motion for summary judgment.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED NOVEMBER 25, 1986.

*John T. Croley, Jr.*, for appellant.
*Ben B. Mills, Jr.*, for appellee.