A90A0492. REYNOLDS et al. v. FIRST PORT CITY BANK.
(395 SE2d 262)

BANKE, Presiding Judge.

The appellee, First Port City Bank, sued the appellants, Wilton B. Reynolds and Bennett T. Eubanks, on a guaranty contract pertaining to certain indebtedness owed by a corporation known as Hawthorne Trail Products, Inc. (HTP). The appellants counterclaimed to recover damages for abusive litigation. The trial court granted summary judgment to the appellee on the main claim and, consistent with that ruling, denied the appellants' motions for summary judgment on their counterclaims. This appeal followed. *Held*:

1. The appellants contend that there is evidence that the bank improperly failed to credit two payments it had received, in the amounts of $25,000 and $13,008.26, respectively, against the indebtedness covered by their guaranty obligations. These payments were received by the bank in connection with the liquidation of certain collateral pledged to it by HTP's president, Hollis, and by Hollis' wife. Hollis had also personally guaranteed HTP's debts, and he and his wife were additionally indebted to the bank on several personal loans. The bank was clearly authorized pursuant to the security agreements executed by Hollis and his wife to apply the payments in question against their personal indebtedness rather than against the corporation's indebtedness, notwithstanding any instructions to the contrary it might have received from Hollis and/or his agents. See generally *Bank of Georgia v. Card*, 84 Ga. App. 142 (65 SE2d 841) (1951).

2. Since the appellee prevailed in the action, its complaint obviously did not lack substantial justification, with the result that the appellants clearly were not entitled to summary judgment on their counterclaim.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 25, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*William U. Norwood III,* for appellants.

*Kirbo & Conger, James W. Conger, Jr., Ben Kirbo, Watson, Spence, Lowe & Chambless, Mark A. Gonnerman,* for appellee.