A91A0636. SECKINGER v. HOLTZENDORF et al.
(409 SE2d 76)

SOGNIER, Chief Judge.

R. L. Holtzendorf and Agnes Holtzendorf brought suit against Malcolm Seckinger and others for fraud, misrepresentation, and civil conspiracy allegedly arising out of a real estate transaction. Seckinger answered and counterclaimed for abusive litigation, seeking attorney fees, expenses of litigation, and $1 million in damages to his peace, happiness, and feelings.[1] The trial court granted Seckinger's motion for summary judgment as to the Holtzendorfs' complaint, and we affirmed in *Holtzendorf v. Seckinger*, 195 Ga. App. 177 (393 SE2d 13) (1990). Subsequently, the trial court granted the Holtzendorfs' motion for summary judgment on Seckinger's abusive litigation counterclaim, and he appeals.

Appellant contends that because the trial court granted his motion for summary judgment on appellees' complaint and that ruling

---

[1] We note that Seckinger's counterclaim for abusive litigation (as distinguished from his claim for attorney fees and expenses of litigation under OCGA § 9-15-14, see *Jones v. Bienert*, 197 Ga. App. 554, 556 (398 SE2d 830) (1990)) was filed with his answer in February 1988, prior to the effective date of OCGA § 51-7-80 et seq. See OCGA § 51-7-85.

was affirmed in this court, the trial court erred when it subsequently granted appellees' motion for summary judgment on appellant's abusive litigation counterclaim. The Supreme Court in *Porter v. Felker*, 261 Ga. 421 (405 SE2d 31) (1991) has overruled the principle set forth in a line of cases in this court that the denial of a defendant's motion for summary judgment on the plaintiff's complaint constitutes a "binding determination," id. at 422 (2), that the plaintiff's claim did not lack substantial justification. See, e.g., *Contractors' Bldg. Supply v. Gwinnett Sash & Door*, 199 Ga. App. 38, 41 (4) (403 SE2d 844) (1991); *Felker v. Fenlason*, 197 Ga. App. 476, 477 (2) (398 SE2d 754) (1990); *Reynolds v. First Port City Bank*, 196 Ga. App. 63 (2) (395 SE2d 262) (1990); *Bouchard v. Fowler*, 193 Ga. App. 697-698 (388 SE2d 874) (1989); *Biosphere Indus. v. Oxford Chemicals*, 190 Ga. App. 613, 614-615 (379 SE2d 555) (1989). Because trial courts are not "infallible" when determining whether questions of fact exist on motions for summary judgment, *Porter*, supra at 422 (2), a trial court's ruling on a defendant's motion for summary judgment on a plaintiff's complaint does not control the merits of a subsequent motion for summary judgment on the defendant's abusive litigation counterclaim arising out of the filing of that complaint. Id.

While this court has not explicitly addressed the converse of the situation in *Porter*, i.e., the impact of the *grant* of a defendant's motion for summary judgment on a plaintiff's complaint on a subsequent motion for summary judgment as to the defendant's abusive litigation counterclaim, we have implicitly done so in cases upholding the grant of summary judgment to a plaintiff on the defendant's abusive litigation counterclaim while also affirming the grant of summary judgment to the defendant on the plaintiff's complaint. E.g., *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790 (359 SE2d 920) (1987) (physical precedent); *Howell v. Bank of Fitzgerald*, 181 Ga. App. 57 (351 SE2d 258) (1986). The holdings in those cases are consistent with *Porter*, supra, in the implicit recognition that in ruling on motions for summary judgment as to plaintiffs' complaints, trial courts are not "infallible" and must not be bound by the earlier summary judgment rulings when addressing the merits of claims for relief for abusive litigation. Id. at 422 (2).

Accordingly, this court's holding in *Holtzendorf*, supra, that there was "no evidence" to support appellees' claim, did not extend beyond an affirmance of the grant of summary judgment in appellant's favor and did not amount to a finding, binding on the trial court, that appellees' case was wholly without merit. The recitation in an appellate decision that there was "no evidence" adduced to create a genuine issue of material fact on motion for summary judgment does not invoke any magical determination that the defendant obtaining the summary judgment is also entitled to judgment on his or her abusive

litigation counterclaim, as demonstrated by the holdings in *Guernsey Petroleum*, supra at 792 (2) (a) and *Howell*, supra at 58, both of which reflect a finding by a court of "no evidence." Appellant fails to recognize that the grant of a motion for summary judgment on the plaintiff's complaint establishes only that as to one essential element of the plaintiff's claim, the plaintiff failed to adduce evidence that a genuine issue of material fact exists, notwithstanding any issue of material fact regarding any other essential element. See OCGA § 9-11-56; *Porter*, supra at (1). The amount of evidence adduced by the parties necessarily varies in each case, and thus a ruling that the plaintiff failed to produce evidence creating a particular issue of material fact cannot be dispositive of the issue whether filing the complaint constituted abusive litigation. Instead, each case must be individually scrutinized in order to make that determination.

In his counterclaim seeking attorney fees, expenses of litigation, and $1 million in damages to his peace, happiness, and feelings, appellant alleged that appellees' complaint contained such a complete absence of any justiciable issue of law or fact that it could not reasonably be believed that the court would accept the asserted claims and that it lacked substantial justification and was imposed for delay or harassment. See OCGA § 9-15-14; *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). "Where the issue of abusive litigation can be determined as a matter of law, summary judgment is an appropriate remedy. [Cit.]" *Webb v. State Auto. Mut. Ins. Co.*, 198 Ga. App. 609, 611 (402 SE2d 352) (1991). Thus, appellees, as abusive litigation counterclaim defendant/movants, were entitled to a grant of their motion for summary judgment upon a showing to the court "that any essential element [of appellant's counterclaim], under any theory of recovery, [was] missing and incapable of proof." *Porter*, supra at (1).

The record that existed on appellant's motion for summary judgment on appellees' complaint reveals hotly contested versions of what the parties considered to have transpired in the complex real estate transaction which was the subject of appellees' claim (summarized in *Holtzendorf*, supra). Given that the law requires only slight circumstances to establish fraud and conspiracy, see OCGA § 23-2-57; *Grainger v. Jackson*, 122 Ga. App. 123, 127 (176 SE2d 279) (1970), we cannot agree with appellant that appellees' claims, especially their attempt to broaden the parameters of civil conspiracy, were not sufficient to present a justiciable issue of fact or law under OCGA § 9-15-14 (b), see *Lane v. K-Mart Corp.*, 190 Ga. App. 113, 115-116 (378 SE2d 136) (1989) (Sognier, J., concurring specially), or lacked substantial justification under OCGA § 9-15-14 (b) and *Yost*, supra at 96 (13). Furthermore, appellees filed an affidavit in which they averred that they are not lawyers and have no legal training; that in bringing suit against appellant, they acted on the legal advice of their counsel

that they had a good case against appellant; and that they felt justified in relying on the advice of their counsel because of his previous positions as city attorney, state court judge, and a law assistant for the Georgia Court of Appeals. Appellant introduced no additional evidence to controvert this affidavit. Compare *Wheat v. First Union Nat. Bank*, 196 Ga. App. 26, 27-28 (2) (395 SE2d 351) (1990).

Under the record before the trial court, the trial judge was authorized to find as a matter of law that appellees had pierced an essential element of appellant's abusive litigation claim and were thus entitled to the grant of summary judgment thereon. *Wheat*, supra. Compare *Woodall v. Hayt, Hayt & Landau*, 198 Ga. App. 624, 626 (402 SE2d 359) (1991).

*Judgment affirmed. Andrews, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JULY 9, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 — ▮▮▮▮▮▮▮

*Karsman, Brooks & Callaway, Stanley M. Karsman, D. Campbell Bowman, Jr.*, for appellant.
*George M. Rountree, Eugene Highsmith*, for appellees.