S89A0562. COKER et al. v. MOSLEY et al.
S89A0563. CHEATWOOD et al. v. MOSLEY et al.
(387 SE2d 135)

WELTNER, Justice.

1. (a) The principal issue in this appeal is whether the wills executed by Roy and Alice Esther Holland, husband and wife, were "mutual wills" under the terms of OCGA § 53-2-51. That issue is answered by the plain dictate of the statute, which provides in part:

(b) Except for mutual wills based on express contract, no wills shall be or shall be construed to be mutual wills unless there is contained in both wills an express statement that the wills are mutual wills.

The purpose of this provision (Ga. L. 1967, p. 719) was to eliminate the uncertainty that had crept into the law through the practice of courts, on an *ad hoc* basis, of finding wills to be "mutual" by *implication*.[1]

(b) The wills originally executed by the Hollands contain no express statement that they are mutual wills, nor is there any evidence of an express contract to make (or to refrain from revoking) a will. Hence, the wills cannot be mutual wills, and the trial court did not err in so holding.

2. (a) A secondary issue in this appeal is whether the trial court was authorized to require the defendants named in Mosley's complaint for declaratory judgment to pay his legal fees. Mosley was co-executor and legatee under the will of Roy Holland, and was named as executor and legatee under the second will of Alice Holland, which she made after her husband's death. As complainant in the declaratory judgment action, Mosley styled himself as "co-executor of the estate of Roy Holland and executor of the estate of Alice Esther Holland, in his fiduciary capacity only, and not in his capacity as legatee." The legatees against whom the award was made contend that Mosley may not be awarded legal fees against them because he is in a position of conflicting interests, inasmuch as he is legatee and fiduciary under Roy Holland's wills and under both the first and second wills of Alice Esther Holland.

(b) We cannot fault Mosley for seeking judicial direction in the administration of the two estates. The court, and not Mosley, must decide which of the two wills of Alice Esther Holland prevails, and we

---

[1] See, e.g., *Clements v. Jones*, 166 Ga. 738 (144 SE 319) (1928); *Webb v. Smith*, 220 Ga. 809, 812 (141 SE2d 899) (1965). Coker and Cheatwood rely upon *Simmons v. Davis*, 240 Ga. 282 (240 SE2d 33) (1977), and correctly point out that it was decided ten years *after* the effective date of the 1967 amendment. *Simmons*, however, makes no mention of the amendment, and its holding is contrary to the plain meaning of the statute.

find no ground for disqualification.

(c) Nonetheless, we agree with Coker and Cheatwood that the trial court was without authority to require the individual legatees to pay Mosley's legal fees. They have done nothing more than to defend an action brought against them, and to assert the legal principles on which they rely. With no findings by the trial court of conduct that would authorize the award of legal fees under OCGA § 9-15-14, that portion of the judgment must be vacated.[2]

*Judgment affirmed in part and reversed in part. All the Justices concur, except Bell, J., who dissents as to Division 1 and to the judgment.*

DECIDED JANUARY 11, 1990.

*Shaw, Maddox, Graham, Monk & Harris, James D. Maddox,* for Coker et al.

*Jack F. Witcher, John E. Gilchrist, Timothy A. McCreary,* for Cheatwood et al.

*Summers, Jones & O'Donnell, E. B. Jones, Jr., Ezra B. Jones III,* for Mosley et al.

---

[2] We do not address the propriety of an award of legal fees payable by either or both of the estates. If the trial court should entertain such a prospect, the record before us indicates no reason why it should not consider awarding reasonable legal fees to *all* parties.