A90A0905. FELKER v. FENLASON et al.
(398 SE2d 754)

CARLEY, Chief Judge.

Appellant-plaintiffs William and Mary Porter brought suit against appellee-defendants Eugene Dorsey and Imogene Fenlason and two other defendants who are not parties to this appeal. The Porters' complaint alleged alternative claims for breach of contract and for fraud. After filing answers and engaging in discovery, Dorsey and Fenlason moved for summary judgment. The motion was denied and the case proceeded to trial before a jury. At trial, Dorsey and Fenlason moved for a directed verdict. The motion was granted as to the Porters' fraud claim and the case was submitted to the jury only as to the Porters' breach of contract claim. The jury returned a verdict in favor of the Porters and judgment was entered on that verdict. Within 45 days, Dorsey and Fenlason moved pursuant to OCGA § 9-15-14 for the assessment of attorney's fees jointly against the Porters and the Porters' counsel, appellant Joseph Felker. Insofar as is relevant to this appeal, the motion for attorney's fees was predicated upon the alleged lack of substantial justification of the Porters' fraud claim. After conducting a hearing and finding that the Porters' fraud claim did lack substantial justification, the trial court granted Dorsey's and Fenlason's motion and awarded them $750 in attorney's fees.

Felker applied to this court for a discretionary appeal from the award of OCGA § 9-15-14 (b) attorney's fees to Dorsey and Fenlason. This application was granted and the instant appeal results from Felker's filing of a timely notice of appeal.

1. The first issue to be resolved is the scope of the instant appeal. The record shows that the two defendants in the underlying action other than Dorsey and Fenlason also moved pursuant to OCGA § 9-15-14 for the assessment of attorney's fees against the Porters and that the trial court did award attorney's fees to these other two defendants. However, it was only Dorsey's and Fenlason's motion that had sought OCGA § 9-15-14 attorney's fees jointly against the Porters *and* Felker. Accordingly, Felker would have no standing to appeal

from the award to the other two defendants of attorney's fees solely as against the Porters. He has standing only to appeal from the award to Dorsey and Fenlason of $750 attorney's fees jointly as against the Porters and himself. " 'It has, we believe, ever been the law, both in this State and in other jurisdiction[s], that a party not aggrieved by the judgment of a trial court is without legal right to except thereto, since he has of it no just cause of complaint. . . . "In legal acceptation, a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest." [Cits.] . . .' [Cits.]" *Walker v. Hartford Acc. & Indem. Co.*, 196 Ga. 361, 364 (26 SE2d 695) (1943).

It follows that our jurisdiction in the instant appeal does extend to a review of the $750 award of OCGA § 9-15-14 attorney's fees to Dorsey and Fenlason as against the Porters and Felker jointly. Although it was only Felker who pursued the instant appeal, the Porters, who are jointly aggrieved by that award, are parties herein by virtue of OCGA § 5-6-37. However, insofar as the awards of OCGA § 9-15-14 attorney's fees to the other two defendants are concerned, only the Porters, who are the sole parties aggrieved by those awards, would have standing to seek appellate review. Since the Porters themselves have not invoked the discretionary appeal procedure of OCGA § 5-6-35, our jurisdiction in the instant appeal does not extend to a review of those other two awards.

2. Although the jury found Dorsey and Fenlason liable on the Porters' breach of contract claim, this would not necessarily serve to preclude the trial court from awarding OCGA § 9-15-14 (b) attorney's fees to Dorsey and Fenlason based upon the alleged lack of substantial justification of the Porters' fraud claim. In relevant part, OCGA § 9-15-14 (b) authorizes a trial court to assess attorney's fees if "it finds that an attorney or party brought . . . an action, or *any part thereof*, that lacked substantial justification. . . ." (Emphasis supplied.) However, the trial court nevertheless did erroneously assess attorney's fees because its previous denial of Dorsey's and Fenlason's motions for summary judgment as to the Porters' fraud claim was "sufficient to constitute 'a binding determination' that [that claim] did not lack substantial justification so as to render it frivolous, groundless or vexatious." *Biosphere Indus. v. Oxford Chemicals*, 190 Ga. App. 613, 615 (379 SE2d 555) (1989). It follows that that award of OCGA § 9-15-14 (b) attorney's fees against the Porters and Felker must be reversed.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 18, 1990 —
REHEARING DENIED NOVEMBER 6, 1990 —

*Raiford, Dixon & Thackston, Tyler C. Dixon*, for appellant.
*King, Taylor & Stovall, James F. Stovall III, Edward E. Carriere, William E. Mumford, Walter B. McClelland*, for appellees.
William C. Porter, *pro se*.