S91G0273. PORTER et al. v. FELKER et al.

(405 SE2d 31)

SMITH, Presiding Justice.

When we granted a writ of certiorari to the Court of Appeals in *Felker v. Fenlason,* 197 Ga. App. 476 (398 SE2d 754) (1990), we asked the parties to address the following question:

> Did the Court of Appeals err in holding the denial of summary judgment precludes as a matter of law the exercise of the trial court's discretion under OCGA § 9-15-14 upon the trial of the case?[1]

We hold that the Court of Appeals did err; therefore, we reverse.

1. The purpose of summary judgment is to eliminate jury trials where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). A motion for summary judgment is analogous to a motion for a directed verdict. OCGA § 9-11-50. The function of the trial court in ruling on either requires the trial court to determine whether the movant is entitled to a judgment as a matter of law on the facts established and whether there is a genuine issue as to any material fact. OCGA §§ 9-11-56; 9-11-50; *Standard Accident Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574, 575 (136 SE2d 505) (1964). If the movant can show the court that any essential element, under any theory of recovery, is missing and incapable of proof, the movant is entitled to summary judgment as a matter of law, notwithstanding any issue of material fact regarding any other essential element. *Waldrep v. Goodwin,* 230 Ga. 1, 2 (195 SE2d 432) (1973). When a motion for summary judgment is made and properly supported, the opposing party must respond and set forth specific facts showing a genuine issue for trial or else summary judgment, if appropriate, shall be entered. OCGA § 9-11-56 (e); *Meade v. Heimanson,* 239 Ga. 177, 178 (236 SE2d 357) (1977). Summary judgment was designed to enable the trial judge to filter out sham issues which may cause needless and time-consuming litigation. "The trial judge must separate what is formal or pretended in denial or averment from what is genuine or substantial, so that only the latter may subject a party to the burden of a

---

[1] OCGA § 9-15-14 authorizes a trial court to award litigation costs and attorney fees for frivolous actions and defenses.

trial." *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442) (1962).

2. The party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence; thus, in a close case, a trial court may deny summary judgment and anticipate a second opportunity to consider its ruling on a subsequent motion for directed verdict. Under the Court of Appeals holding, *Felker*, 197 Ga. App., supra at 477, denial of summary judgment becomes a "binding determination," and the trial court is thereafter powerless to grant relief to a party under OCGA § 9-15-14. We cannot require trial courts to be infallible. More importantly, if additional facts authorize an award and the trial court is powerless to make an award, then the purposes of the statute (deterrence of litigation abuses and recompensation for legal fees and costs) are thwarted.

3. The trial court's order must include findings of conduct that authorize an award under OCGA § 9-15-14, or the order must be vacated. *Coker v. Mosley*, 259 Ga. 781, 782 (387 SE2d 135) (1990). Additionally, a trial court's award to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees. The case must be remanded for consideration of the grant of attorney fees in light of this opinion.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED JUNE 20, 1991 —
RECONSIDERATION DENIED JULY 10, 1991.

*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland,* for appellants.

*William E. Mumford, Edward E. Carriere, Jr., King, Taylor & Stovall, James F. Stovall III, Raiford, Dixon & Thackston, Tyler C. Dixon,* for appellees.