A90A0905. FELKER et al. v. FENLASON et al.
(410 SE2d 326)

CARLEY, Judge.

In *Felker v. Fenlason*, 197 Ga. App. 476, 477 (2) (398 SE2d 754) (1990), we reversed the trial court's award of OCGA § 9-15-14 (b) attorney's fees in the instant case. On certiorari, however, the Supreme Court reversed and remanded for our reconsideration in light of its opinion. *Porter v. Felker*, 261 Ga. 421 (405 SE2d 31) (1991).

1. Division 1 of our original opinion related to the scope of the instant appeal. *Felker v. Fenlason*, supra at 476 (1). Our holding in

that regard is unaffected by the Supreme Court's opinion. Accordingly, Division 1 of our original opinion is hereby readopted in its entirety.

2. The following holding of Division 2 of our original opinion is likewise unaffected by the Supreme Court's opinion and is hereby readopted: "Although the jury found Dorsey and Fenlason liable on the Porters' breach of contract claim, this would not necessarily serve to preclude the trial court from awarding OCGA § 9-15-14 (b) attorney's fees to Dorsey and Fenlason based upon the alleged lack of substantial justification of the Porters' fraud claim. In relevant part, OCGA § 9-15-14 (b) authorizes a trial court to assess attorney's fees if 'it finds that an attorney or party brought . . . an action, or *any part thereof, that lacked substantial justification. . . .*' (Emphasis supplied.)" *Felker v. Fenlason*, supra at 477 (2).

3. In Division 2 of our original opinion, we had also held that an assessment of attorney's fees pursuant to OCGA § 9-15-14 (b) was precluded because the trial court's prior denial of a motion for summary judgment "as to the Porters' fraud claim was 'sufficient to constitute "a binding determination" that (that claim) did not lack substantial justification so as to render it frivolous, groundless or vexatious.' [Cit.]" *Felker v. Fenlason*, supra at 477 (2). It was this holding that the Supreme Court reversed. "The party opposing the motion [for summary judgment] is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence; thus, in a close case, a trial court may deny summary judgment and anticipate a second opportunity to consider its ruling on a subsequent motion for directed verdict. . . . We cannot require trial courts to be infallible. More importantly, if additional facts authorize an award [of attorney's fees] and the trial court is powerless to make an award, then the purposes of [OCGA § 9-15-14] (deterrence of litigation abuses and recompensation for legal fees and costs) are thwarted." *Porter v. Felker*, supra at 422 (2).

Accordingly, our holding that the trial court's denial of the motion for summary judgment constitutes a "binding determination" as to the non-recoverability of OCGA § 9-15-14 attorney's fees is vacated and the following is hereby adopted as the holding of this court: "[A] trial court's award [under OCGA § 9-15-14] to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees." *Porter v. Felker*, supra at 422 (3).

4. "While [OCGA § 9-15-14 (b)] vests the trial court with the discretion to award attorney['s] fees . . . , that power is contingent upon the trial court finding that [the Porters' fraud claim] lacked substantial justification. . . ." *Market Ins. Corp. v. IHM, Inc.*, 192 Ga. App.

441, 442 (3) (385 SE2d 307) (1989). The trial court's order in the instant case makes the requisite finding that the Porters' fraud claim "did lack substantial justification. . . ." Compare *Coker v. Mosley*, 259 Ga. 781, 782 (2c) (387 SE2d 135) (1990); *Market Ins. Corp. v. IHM, Inc.*, supra at 442 (3).

5. Although the trial court's order makes the requisite findings, the issue yet remains as to whether the evidence authorized the trial court to make those findings. As noted, the Supreme Court has held that it is an "unusual" case wherein one whose motion for summary judgment has previously been denied will be entitled to a subsequent award of OCGA § 9-15-14 attorney's fees. "[A] trial court's award to a party whose motion for summary judgment was denied *must* be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees." (Emphasis supplied.) *Porter v. Felker*, supra at 422 (3). A review of the record demonstrates no evidence that the instant case is such an "unusual" case. Accordingly, we must reverse the award of attorney's fees.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 17, 1991.

*Raiford, Dixon & Thackston, Tyler C. Dixon*, for appellant.
*King, Taylor & Stovall, James F. Stovall III, Edward E. Carriere, William E. Mumford, Walter B. McClelland*, for appellees.
William C. Porter, *pro se.*