A91A1098. ANSA MUFFLERS CORPORATION v. WORTHINGTON et al.
(411 SE2d 573)

SOGNIER, Chief Judge.

Ansa Mufflers Corporation appeals from the trial court's denial of its motion for judgment notwithstanding the verdict on the *Yost* counterclaim filed by Joe Worthington and Worthington and Casper, Certified Public Accountants.

Appellant brought suit against appellees seeking damages for penalties and excess taxes it paid allegedly as the result of appellees' negligent handling of an ad valorem freeport exemption form on behalf of appellant. Appellees answered denying they had received the form or been asked to complete it. Appellees also counterclaimed in counts 1 and 2 seeking damages for appellant's alleged abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986) and in count 3 seeking sums past due for services they had rendered appellant. Appellees moved for summary judgment asserting the running of the statute of limitation and appellant's failure to attach an expert's affidavit to its complaint pursuant to OCGA § 9-11-9.1. Their motion and a cross motion by appellant were denied by the trial court.

Upon trial of the case, the trial court granted appellees' motion for a directed verdict on count 3 of their counterclaim but reserved ruling on appellees' motions for a directed verdict on appellant's claims, stating that it would have granted the motion except for testimony by appellant's bookkeeper, who had testified that she sent the

freeport exemption form to appellees and that appellee Joe Worthington had told her he would complete it. In entering judgment on the jury's verdict, the trial court accepted the jury's finding in favor of appellees on appellant's claims, but did not direct a verdict in that regard, as it had done on count 3 of appellees' counterclaim. After noting that the jury had reconvened after rendering its verdict on the main claim to consider the *Yost* counterclaim and had awarded appellees $15,000 against appellant on that counterclaim, the trial court accepted that verdict and made it the judgment of the court, subsequently denying appellant's motion for judgment n.o.v.

Appellant contends that the trial court erred by denying its motion for judgment n.o.v. because the trial court's earlier rulings denying appellees' motions for summary judgment and directed verdict constituted "binding determinations" that appellant's complaint was substantially justified, citing *Felker v. Fenlason*, 197 Ga. App. 476, 477 (2) (398 SE2d 754) (1990), *Bouchard v. Fowler*, 193 Ga. App. 697 (388 SE2d 874) (1989), and *Biosphere Indus. v. Oxford Chemicals*, 190 Ga. App. 613, 614-615 (379 SE2d 555) (1989). The Supreme Court recently overruled the principle enunciated in those cases that earlier rulings by a trial court can constitute a "binding determination" that a plaintiff's complaint did not lack substantial justification so as to bar a defendant from recovering damages for abusive litigation under OCGA § 9-15-14. *Porter v. Felker*, 261 Ga. 421, 422 (2), (3) (405 SE2d 31) (1991). See *Seckinger v. Holtzendorf*, 200 Ga. App. 604 (409 SE2d 76) (1991) (*Porter* applicable to both *Yost* and OCGA § 9-15-14 counterclaims). However, the Supreme Court in *Porter* stated that "a trial court's award [of damages for abusive litigation] to a party whose motion for summary judgment [on the other party's claim] was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of [damages for abusive litigation.]" Id. at 422 (3).

Looking to the facts of this particular case to see whether it comes within the "unusual" category of cases referenced in *Porter*, supra at 422 (3), the record establishes that appellees' motion for summary judgment did not challenge the merits of appellant's negligence claim but rather addressed two matters raised by appellees, one a procedural ground and the other an affirmative defense. Accordingly, the trial court's denial of the motion was not a determination whether the suit appellant brought lacked substantial justification, as the trial court was never required to address or otherwise foresee facts authorizing the grant of attorney fees under *Yost* regarding the merits of the complaint. Given the subject matter of the summary judgment motion in issue here, we find that the record demonstrates the "unusual" situation contemplated by the Supreme Court in *Porter*, supra, so that the trial court's denial of appellees' motion for summary judg-

ment does not require reversal of the trial court's judgment awarding appellees damages under *Yost*. Compare *Felker v. Fenlason*, 201 Ga. App. 207 (5) (410 SE2d 326) (1991).

Nor does the ruling on appellees' directed verdict motion require reversal of the *Yost* award. In *Porter*, the Supreme Court noted that "[a] motion for summary judgment is analogous to a motion for a directed verdict. [Cit.] The function of the trial court in ruling on either requires the trial court to determine whether the movant is entitled to a judgment as a matter of law on the facts established and whether there is a genuine issue as to any material fact." Id. at 421 (1). "[I]n a close case, a trial court may deny summary judgment and anticipate a second opportunity to consider its ruling on a subsequent motion for directed verdict." Id. at 422 (2). The facts in the case sub judice do not require us here to decide whether the reasoning in *Porter* regarding rulings on motions for summary judgment is likewise applicable to rulings on motions for directed verdict because the trial court here reserved its ruling on appellees' motions for directed verdict not merely until the jury returned a verdict on the main claim, but until the jury had reconvened and returned a verdict on the *Yost* counterclaim. Thus, although the trial court effectively denied appellees' motion by not directing the verdict on the "close case" presented in the main claim, the trial court, by waiting to accept the jury's award on the *Yost* counterclaim, basically accorded itself a "second opportunity" to consider its ruling. Given that the transcript of the proceedings before the jury on the *Yost* counterclaim is not included in the record on appeal, nor does the record disclose any effort by appellant to have the transcript corrected to reflect the omitted material, OCGA § 5-6-41 (f), we must assume as a matter of law that the evidence adduced at trial supported the judgment below. *Campbell v. Crumpton*, 173 Ga. App. 488, 489 (2) (326 SE2d 845) (1985). Accordingly, we assume that facts were adduced during the *Yost* proceedings which the trial court could not have foreseen at the directed verdict stage and which the trial court, upon accepting the jury's verdict, concluded authorized the jury's award of abusive litigation damages. Given this conclusion, it follows that the trial court properly denied appellant's motion for judgment n.o.v.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 23, 1991.

*Hall, Bloch, Garland & Meyer, Benjamin M. Garland, Duncan D. Walker III*, for appellant.

*Jay, Sherrell & Smith, Robert E. Sherrell*, for appellees.