A93A0133. DILLS v. BOHANNON et al.

(431 SE2d 123)

BEASLEY, Presiding Judge.

We granted plaintiff Dills' application for discretionary appeal of an award to defendants Bohannon and Colonial Freight of litigation expenses and attorney fees under OCGA § 9-15-14.

This suit arose out of a collision between a van driven by Dunbar in which Dills was a passenger and a tractor-trailer driven by Bohannon. Both vehicles were proceeding in a northerly direction on I-75, with Dunbar's van in the center lane and Bohannon's tractor-trailer in the right lane. Dunbar's vehicle struck Bohannon's vehicle in the rear. State Trooper Ralston, the investigating police officer, testified that when he arrived on the scene it was raining, the road was wet, and he observed no skid marks, but he did observe debris in the right-hand lane, from which he concluded that this was the area of impact. He returned to the scene later and still did not find any skid marks. Amos, an eyewitness who had observed the collision, testified that it was caused by Dunbar's swerving into the right lane. Another eyewitness said the same thing. At the scene of the collision, Dunbar stated that he had fallen asleep and lost control of the van. However, he testified that several days after the collision, he returned to the scene, observed skid marks in the middle lane, and recalled that he had not fallen asleep but rather the tractor-trailer had swerved into his lane of travel.

Dills sued Brooks International, Inc. and its insurer, Home In-

demnity Company, alleging that negligence by Dunbar caused the collision and that his negligence was imputable to Brooks, in whose business Dunbar was engaged at the time of the collision. An arbitration hearing was scheduled. Dills filed a motion to add Dunbar, Bohannon, and Bohannon's employer, Colonial Freight Systems, Inc., as party defendants, stating that Dills had learned during the course of discovery that Brooks was maintaining that Dunbar was an independent contractor and not an employee, and that Dunbar was maintaining that Bohannon's negligence caused or contributed to the collision. Dills also moved to file an amended complaint alleging that Bohannon's negligence, imputable to Colonial Freight, caused the collision. The trial court granted the motion.

The arbitrators entered an award finding for Dills in the amount of $250,000 against Brooks, Dunbar, and Home Indemnity only, and these defendants filed a demand for jury trial as to all questions of fact and law. Dills filed a demand for jury trial as to all defendants but subsequently negotiated a $125,000 settlement with Dunbar, Brooks, and Home Indemnity. She sought unsuccessfully to negotiate a settlement with Bohannon and Colonial Freight. Nonetheless, she dismissed her complaint against all defendants.

Colonial Freight and Bohannon then filed a motion seeking an OCGA § 9-15-14 award of litigation expenses and attorney fees against Dills. Counsel submitted a supporting affidavit in which he stated that there was no evidence that Bohannon was in any way at fault except for Dunbar's contention which, under the circumstances, was of no validity, and that Colonial Freight and Bohannon had incurred a total of some $9,600 in litigation expenses and attorney fees.

After hearing argument of counsel and considering all matters of record, the trial court granted these defendants' motion in the amount requested.

In two respects, "[t]he Supreme Court in *Porter v. Felker*, 261 Ga. 421 (405 SE2d 31) (1991) has overruled the principle set forth in a line of cases in this court that the denial of a defendant's motion for summary judgment on the plaintiff's complaint constitutes a 'binding determination,' id. at 422 (2), that plaintiff's claim did not lack substantial justification. [Cits.]" *Seckinger v. Holtzendorf*, 200 Ga. App. 604, 605 (409 SE2d 76) (1991). First, the Court in *Porter* made plain that the erroneous denial of a defendant's motion for summary judgment is not a binding determination. 261 Ga. at 422 (2). Absent that, the Court in *Porter* held that "a trial court's award to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees." Id. at 422 (3).

1. Bohannon and Colonial Freight did not file a motion for sum-

mary judgment. The question therefore is whether such a motion, if filed by them, would have been denied. On the present record, the answer is "yes."

Where a party gives testimony contradicting an out-of-court admission of such party, it is for the trier of fact to say whether it was true or false when made. *Faulkner v. Brown*, 92 Ga. App. 602, 603 (1) (89 SE2d 583) (1955). In summary judgment proceedings, the court cannot weigh the evidence or determine its credibility. Where the facts as testified to by the parties create a conflict in the evidence as to a material issue, summary judgment is precluded. *HOH Co. v. Ethridge*, 168 Ga. App. 20, 22 (2) (308 SE2d 43) (1983). Dunbar's testimony did create a conflict in the evidence as to whether he or Bohannon caused the collision. Although his testimony may have been lacking in credibility and beyond reasonable belief, we have not found nor been cited to any exception to summary judgment rules applicable to such testimony.

A motion for summary judgment filed by Bohannon and Colonial Freight might have been granted on grounds that Dills, without reasonable explanation, gave self-contradictory testimony, so that the court could take against her that version of her testimony most unfavorable to her. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). However, Dills' deposition has not been filed and made a part of the record, so we cannot make this determination.

2. The next question is whether this is one of those unusual cases where unforeseen facts authorizing the grant of attorney fees and litigation expenses arose subsequent to the time these defendants' motion for summary judgment would or could have been denied. *Ansa Mufflers Corp. v. Worthington*, 201 Ga. App. 602 (411 SE2d 573) (1991).

It could be argued that by appealing the arbitration award as to Bohannon and Colonial Freight, Dills "unnecessarily expanded the proceeding," within the meaning of OCGA § 9-15-14 (b). However, there is no authority for awarding attorney fees and litigation expenses on this ground. Compare *Osborn & Walcott Mfg. Co. v. Blanton*, 109 Ga. 196 (3) (34 SE 306) (1899).

That the defendants' motion for summary judgment would have been denied constitutes a binding determination that plaintiff's claim did not lack substantial justification, i.e., was not substantially frivolous, substantially groundless, or substantially vexatious, and was not interposed for delay or harassment. OCGA § 9-15-14 (b).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993 —
RECONSIDERATION DENIED APRIL 23, 1993 ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Mitchell, Coppedge, Wester, Bisson & Miller, Terry L. Miller,* for appellant.

*White, Smith, Howard & Ajax, Bruce H. Beerman, Dennis, Corry, Porter & Gray, Robert E. Corry, Jr.,* for appellees.