## A94A1199. MacDOUGALD v. PHILLIPS.
(445 SE2d 357)

BIRDSONG, Presiding Judge.

This is the second appearance of this case before an appellate court. In the first appeal, our Supreme Court affirmed the trial court's dismissal of MacDougald's action for quo warranto, but reversed the award to Phillips of $200 in attorney fees under OCGA § 9-15-14 as the award did not contain findings of fact necessary to support such an award. Consequently, the Supreme Court remanded the case to the trial court for findings that would support the award, or to vacate the award. See *MacDougald v. Phillips*, 262 Ga. 778 (425 SE2d 652).

On remand, the trial court found that the parties knew each other well and had taken positions contrary to the other on many occasions and that there was animosity between the parties; that MacDougald did not occupy an official position that would obligate

him to seek the removal of Phillips from his office; that MacDougald's actions must be viewed as a personal attack; and that an action of quo warranto would not lie in this case. Based upon these findings of fact, the trial court reached the conclusion of law that Phillips was entitled to recover $200 for attorney fees for services prior to the appeal and $5,000 "as attorney fees for all other matters including the appeal and any and all matters subsequent thereto including the hearing" after the remand by the Supreme Court.

MacDougald now contends the trial court erred by awarding these fees because a trial court has no jurisdiction to award attorney fees under OCGA § 9-15-14 for services performed on appeal and because the trial court failed to make the findings required to support an award under OCGA § 9-15-14 or vacate the award as directed by the Supreme Court. *Held*:

1. Considering first whether the findings by the trial court will support an award under OCGA § 9-15-14, we note that the Supreme Court's opinion referred the trial court to its earlier decision in *Porter v. Felker*, 261 Ga. 421, 422 (405 SE2d 31). In *Porter*, the Supreme Court held that an order awarding attorney fees must include findings of conduct that authorize an award under OCGA § 9-15-14. Attorney fees may be awarded under OCGA § 9-15-14 (a) against a plaintiff who has asserted a frivolous action with "respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim," and under OCGA § 9-15-14 (b) when the court finds that a plaintiff "brought . . . an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment . . . or [the] party unnecessarily expanded the proceeding by other improper conduct." Further, "[a]s used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." OCGA § 9-15-14 (b).

The findings of fact entered by the trial court do not support an award under OCGA § 9-15-14. They neither mention the criteria established in OCGA § 9-15-14 for such awards, nor relate MacDougald's actions to the standards in the Code section, nor relate the standards to MacDougald's actions. Further, the findings do not mention or discuss whether there was a complete absence of any justiciable issue of law or fact; whether there was substantial justification for the action, or whether the action was substantially frivolous, substantially groundless, or substantially vexatious. Also, none of the factors discussed in the trial court's findings authorizes an award under OCGA § 9-15-14. See *Hamm v. Willis*, 201 Ga. App. 723, 726-727 (411 SE2d 771); *Felker v. Fenlason*, 201 Ga. App. 207, 208-209 (410 SE2d 326). Consequently, the award of attorney fees under OCGA

§ 9-15-14 is not authorized (*Keeler v. Keeler*, 263 Ga. 151, 152 (430 SE2d 5); *Porter v. Felker*, supra), and the award must be vacated. *MacDougald v. Phillips*, supra; *Coker v. Mosley*, 259 Ga. 781, 782 (387 SE2d 135).

2. As we have held in Division 1, that the trial court's findings of fact do not support the award of any attorney fees, MacDougald's contention that the trial court improperly awarded attorney fees for services performed on appeal is moot.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

### DECIDED JUNE 16, 1994.

*McLaughlin, MacDougald & Hendon, Daniel MacDougald III, Johnson & Montgomery, Harry W. MacDougald*, for appellant.

*McKee & Barge, Patrick W. McKee, Christopher J. Ramig*, for appellee.