## A96A0526, A96A1392. AYCOCK v. RE/MAX OF GEORGIA, INC.
### (two cases).
#### (472 SE2d 137)

McMURRAY, Presiding Judge.

Plaintiff John S. Aycock, Jr. brought this action against defendants RE/MAX of Georgia, Inc. ("RMGI") and William H. Allen, seeking to have the superior court declare invalid a certain arbitration award ("the Award") and "order defendant RE/MAX of Georgia, Inc. to hold a new arbitration before different arbitrators who will give [plaintiff] Mr. Aycock due process of law." This Award arose out of a previous action by William H. Allen against John S. Aycock, Jr., "seeking to recover real estate commissions relating to the closings of the sale of three properties. . . ." The parties had "agree[d] to arbitration [of that claim for commissions] under the Arbitration Rules of the RE/MAX Dispute Resolution System [('the RE/MAX Rules')]." Defendant RMGI acted as the administrator for this arbitration. At the arbitration hearing, "Mr. Allen presented documentary evidence and the testimony of witnesses and Mr. Aycock presented documentary evidence and the testimony of witnesses. After Mr. Allen, Mr. Aycock and their attorneys presented closing statements, the arbitrators closed the hearing and Mr. Allen, Mr. Aycock and their attorneys left the hearing room." "After the closing of the hearing, the arbitrators, through defendant [RMGI], [allegedly] secretly requested that Mr. Allen supply them with additional evidence for them to consider in reaching their decision. . . . Mr. Allen [allegedly] conspired with defendant [RMGI] and did secretly supply the arbitrators with additional evidence which they used in making their arbitration award [of $18,087.37 in favor of William H. Allen]." In response to William H. Allen's motion to have the superior court confirm the Award, plaintiff brought this action. In addition to conspiracy, plaintiff alleged that the procedure by which the arbitrators solicited additional evidence from William H. Allen violated certain of the RE/MAX Rules, providing that evidence submitted *after* the hearing "shall be filed with the [RE/MAX] Administrator for transmission to the arbitrator. All parties shall be afforded an opportunity to examine such documents or other evidence." Plaintiff contended that the alleged intentional violation of a private duty amounted to a tort actionable under OCGA § 51-1-8 and sought compensatory and punitive damages (Count 4). He also sought recovery of attorney fees he paid for representation at that arbitration hearing (Count 3) and OCGA § 13-6-11 attorney fees and costs of litigation (Count 5). Defendant RMGI answered, denying the material allegations and defended in part on the ground that Rule 44 of the RE/MAX Rules holds that the "administrator of an arbitration shall not be liable to any party for any act or omission in connection with any arbitration

conducted under these rules." Defendant William H. Allen answered, denying the material allegations and defended on the basis of arbitration and award. He further contended that plaintiff has the right under the Georgia Arbitration Code to seek to vacate the award in the court in which William H. Allen's complaint was filed.

In William H. Allen's action for commissions, the superior court affirmed the Award of the arbitrators and that judgment was affirmed without opinion by the Georgia Court of Appeals in Case No. A95A0748, decided May 31, 1995. Plaintiff subsequently dismissed his action as against defendant William H. Allen. Defendant RMGI moved for summary judgment, supporting its motion in part with the superior court's order of October 20, 1994, denying John S. Aycock, Jr.'s motion to vacate the Award and granting William H. Allen's motion to confirm the Award. The trial court determined that plaintiff's claims of conspiracy and "intentional wrongdoing on the part of [defendant RMGI] or [William H.] Allen are not supported by any evidence." The trial court further concluded that plaintiff has no tort claim for compensatory damages, because "arbiters and administrators of arbitration programs must have qualified immunity from tort liability in the absence of fraud, intentional misconduct or corruption. . . . Second, [the trial court determined] there has been no showing that the [RE/MAX] Rules were violated [. . . and that plaintiff has sustained] no damages resulting from any act of [RMGI]. . . . Third, in agreeing to arbitrate under the [R]ules of the RE/MAX Dispute Resolution System, Plaintiff released Defendant [RMGI] of [sic] any and all liability arising from its administration or service in connection with the arbitration." Consequently, the trial court granted RMGI's motion for summary judgment. In Case No. A96A0526, plaintiff filed a direct appeal from that order. Within 45 days from the trial court's entry of summary judgment, defendant moved for an award of attorney fees and expenses of litigation under OCGA § 9-15-14 (a). This application was supported by the affidavit of counsel for defendant, itemizing $13,348 in reasonable fees and $1,102.21 in necessary expenses incurred. In Case No. A96A1392, plaintiff appeals from the order of the trial court awarding these items. *Held*:

## Case No. A96A0526

1. Plaintiff contends the trial court erred in granting summary judgment with respect to Counts 3, 4, and 5, demanding compensatory and punitive damages, the costs of representation during the initial arbitration and OCGA § 13-6-11 costs of litigation. We disagree.

"The Georgia Arbitration Code 'shall apply to all disputes in

which the parties thereto have agreed in writing to arbitrate and shall provide the exclusive means by which agreements to arbitrate can be enforced.' [OCGA § 9-9-2 (c).] By its enactment, the Arbitration Code repealed common law arbitration in its entirety, and it must, therefore, be strictly construed." *Greene v. Hundley*, 266 Ga. 592, 594 (1) (468 SE2d 350). Pretermitting whether the plaintiff stated any tort cause of action against the administrator of the arbitration, it is our view that the final order confirming the award conclusively establishes that plaintiff sustained no compensable damages *as a result* of the acts alleged. Unless and until that confirmation of the award is set aside under OCGA § 9-11-60 (d) (2) in the court of rendition (or the award itself is vacated under OCGA § 9-9-13 (b)), it is binding on plaintiff. OCGA § 9-9-12; *Greene v. Hundley*, 266 Ga. at 595-597 (3), supra. The trial court correctly granted summary judgment to RMGI, the administrator of the arbitration.

### Case No. A96A1392

2. Plaintiff contends the trial court's order awarding attorney fees and the expenses of litigation must be vacated because the order does not include any findings of conduct that would authorize the award. We agree.

"In any civil action . . ., reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." OCGA § 9-15-14 (a). Where a judgment contains "no findings by the trial court of conduct that would authorize the award of legal fees [or expenses of litigation] under OCGA § 9-15-14 [(a)], that portion of the judgment must be vacated." *Coker v. Mosley*, 259 Ga. 781 (2), 782 (2) (c) (387 SE2d 135). Accord *Keeler v. Keeler*, 263 Ga. 151, 152 (2) (430 SE2d 5); *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31).

The trial court's order in the case sub judice recites only that, after consideration of "the entire record, testimony and evidence, and argument of counsel[, . . . it] appear[s] that Defendant RE/MAX of Georgia, Inc. is entitled to recover its [attorney] fees and expense[s] of litigation from Plaintiff John S. Aycock pursuant to O.C.G.A. § 9-15-14 (a)." This purported finding is entirely too vague and conclusory to permit any meaningful appellate review of the award of attorney fees and expenses of litigation under OCGA § 9-15-14 (a). Although the record in the case sub judice may reveal conduct authorizing an award in some amount, it is incumbent upon the trial

court to specify that conduct. That was not done in this case, and the award of OCGA § 9-15-14 (a) attorney fees and expenses of litigation must be vacated. The case is remanded with direction that the trial court make express findings on the record as to the conduct relied on to authorize any award under OCGA § 9-15-14 (a). This disposition renders plaintiff's remaining contentions moot.

*Judgment affirmed in Case No. A96A0526. Judgment vacated and remanded with direction in Case No. A96A1392. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 30, 1996 —

*Frederick G. Boynton*, for appellant.

*Cauthorn & Phillips, Thomas E. Cauthorn III, Bruce W. Phillips*, for appellee.