A96A2166. NEWMAN v. FILSOOF et al.
(481 SE2d 4)

McMurray, Presiding Judge.

Ruth Newman filed an action against Lena Pichulik and another to recover under a promissory note. Pichulik denied the material allegations of the complaint and asserted a motion for attorney fees and expenses of litigation, claiming that the complaint's allegations reveal expiration of the 20-year statute of limitation and that the promissory note attached to the complaint reveals that the note was satisfied on August 18, 1975. Two days after this motion was filed, Newman filed a voluntary dismissal of her complaint without prejudice. Pichulik's attorney filed his affidavit and a $2,621 attorney fee and expenses bill for the services he rendered. Pichulik's attorney later supplemented this affidavit by filing another affidavit, deposing that "Pichulik seeks to recover $3,321.00 in connection with her Motion as an award of reasonable and necessary attorneys' fees and expenses of litigation. . . ."

The trial court granted Pichulik's motion for attorney fees and expenses of litigation under OCGA § 9-15-14 (a) and (b). We granted this discretionary appeal because the trial court did not enter findings of conduct that authorize such an award as required by *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31). *Held*:

1. In *Porter v. Felker*, 261 Ga. 421, supra, the Georgia Supreme Court held that the "trial court's order must include findings of conduct that authorize an award under OCGA § 9-15-14, or the order must be vacated. *Coker v. Mosley*, 259 Ga. 781, 782 (387 SE2d 135) (1990)." Id. at 422 (3), supra. Applying this rule in the case sub judice, the trial court did not include findings of conduct in its order which authorize an award under OCGA § 9-15-14 (a) and (b). The trial court's judgment must therefore be vacated and the case sub judice remanded for further consideration of Pichulik's motion for attorney fees and expenses of litigation. See *MacDougald v. Phillips*, 213 Ga. App. 575, 576 (1) (445 SE2d 357), and *Hardwick-Morrison Co. v. Mayland*, 206 Ga. App. 426, 427 (425 SE2d 416).

2. Pichulik has filed a motion for this Court to assess damages and penalties for frivolous appeals pursuant to OCGA § 5-6-6 and Court of Appeals Rule 15 (b). Although the face of Newman's complaint indicates that her action had no basis in law or fact, we cannot say with certainty that this conclusion is accurate; that the trial court's order granting Pichulik's motion for attorney fees and

expenses of litigation is based on such a conclusion, or that the trial court's order granting Pichulik's motion for attorney fees and expenses of litigation is otherwise supportable as a matter of law and fact. Under these circumstances, and in light of the disposition of this appeal, it is not obvious that Newman and her attorney filed this appeal solely to interpose delay. *Moss v. Rutzke*, 223 Ga. App. 58, 59 (2) (476 SE2d 770). Consequently, Pichulik's motion for this Court to assess damages and penalties for frivolous appeals pursuant to OCGA § 5-6-6 and Court of Appeals Rule 15 (b) is hereby denied.

*Judgment vacated and case remanded with direction; motion to assess damages and penalties for frivolous appeal denied. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 3, 1997.

*Glenville Haldi*, for appellant.

*Arnall, Golden & Gregory, James A. Gober, Timothy E. Bixler*, for appellees.