A97A1568. SHIMSHI v. A. G. SPANOS DEVELOPMENT, INC. et al.
(492 SE2d 531)

MCMURRAY, Presiding Judge.

In this action for wrongful eviction by plaintiff Schill against defendant A. G. Spanos Development, Inc. d/b/a Harbor Point Apartments and Peggy Pietropola, the state court entered an order granting defendant's motion for attorney fees and litigation expenses pursuant to OCGA § 9-15-14 against Schill and attorney Shimshi. Attorney Shimshi sought and obtained permission to file this discretionary appeal from the award of attorney fees and litigation expenses. *Held*:

One of the issues raised by Shimshi is that the order of the state court is "void" because it fails to state any conduct which would authorize the award of attorney fees and litigation expenses. Where a judgment contains no findings by the trial court of conduct that would authorize the award of legal fees or expenses of litigation under OCGA § 9-15-14, that portion of the judgment must be vacated. *Keeler v. Keeler*, 263 Ga. 151, 152 (2) (430 SE2d 5); *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31); *Coker v. Mosley*, 259 Ga. 781 (2), 782 (2) (c) (387 SE2d 135); *Morris v. Morris*, 222 Ga. App. 617, 618 (2) (475 SE2d 676); *Aycock v. Re/MAX of Ga.*, 221 Ga. App.

587, 589 (2) (472 SE2d 137); *Katz v. Harris*, 217 Ga. App. 287, 290 (3) (457 SE2d 239); *MacDougald v. Phillips*, 213 Ga. App. 575, 576 (1) (445 SE2d 357) (aff'd in part and rev'd in part, 262 Ga. 778 (425 SE2d 652)). The state court's order does not contain findings of conduct that authorize an award of attorney fees or expenses of litigation. Nor is this requirement satisfied by an unsigned document, styled as the lower court's findings of fact, which was filed approximately two weeks after the judgment being appealed. Therefore, that portion of the state court's order awarding attorney fees must be vacated. Upon remand the state court is directed to reconsider the award of attorney fees and expenses of litigation under OCGA § 9-15-14, enter appropriate findings of fact, and enter a new judgment from which the losing party may appeal.

*Judgment vacated and case remanded with direction. Beasley and Smith, JJ., concur.*

DECIDED SEPTEMBER 10, 1997 —
RECONSIDERATION DENIED OCTOBER 2, 1997.

*Ezra Shimshi*, pro se.
*Long, Weinberg, Ansley & Wheeler, Kathryn S. Whitlock, John C. Bonnie*, for appellees.