A98A1823. ATWOOD et al. v. SOUTHEAST BEDDING COMPANY, INC.

(511 SE2d 232)

BEASLEY, Presiding Judge.

We granted the application of Atwood, Pennington, and their attorney McFarland to appeal the trial court's post-trial award of $8,749.40 attorney fees under both OCGA § 9-15-14 (a) and (b) in favor of Southeast Bedding Company in its action on account. This court earlier reversed the trial court's grant of summary judgment in favor of Southeast on both its claim and appellants' counterclaim. See *Atwood v. Southeast Bedding Co.*, 226 Ga. App. 50 (485 SE2d 217) (1997) (*Atwood I*). The jury awarded Southeast its entire claim of $20,427.55 for accepted merchandise and awarded appellants $518 on their counterclaim for three articles of defective bedding. A net judgment was entered.

1. Appellants enumerate only one error, that the evidence does not support the fee award, but they have chosen not to include the transcript of the trial in the record. In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings.[1] " 'Thus, where the transcript is necessary, as in the case sub judice, and appellant omits it from the record on appeal or fails to submit a statutorily authorized substitute, the appellate court must assume the judgment below was correct and affirm. [Cits.]' "[2] The facts relevant to the fee award include appellants' presentation at trial of their counterclaim. Without knowledge of such, we are at a loss to address the issue and will not do so uninformed.

2. Although appellants enumerate only one error, they argue seven different errors in their brief. The law states that each asserted error "shall" be set out as a separate enumerated error.[3] "When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned."[4] Only one prompts our pursuit.

---

[1] OCGA § 5-6-41 (c).

[2] (Punctuation omitted.) *Deen v. United Dominion Realty Trust*, 218 Ga. App. 443, 444 (1) (462 SE2d 384) (1995). See also *North Fulton Feed v. Purina Mills*, 221 Ga. App. 576 (472 SE2d 122) (1996); *Little v. Rowe*, 162 Ga. App. 215 (290 SE2d 556) (1982).

[3] OCGA § 5-6-40.

[4] (Citation omitted.) *Robinson v. State*, 200 Ga. App. 515, 518 (2) (b) (408 SE2d 820) (1991); *Holt v. Leiter*, 232 Ga. App. 376, 380 (1) (501 SE2d 879) (1998).

3. Appellants assert that this Court's decision in *Atwood I* that Southeast was not entitled to summary judgment precludes an award of fees in Southeast's favor. They cite the rule that "a trial court's award to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees."[5] Appellants view as inapplicable the exception stated in *Porter v. Felker* because the court also denied Southeast's motion for directed verdict after having heard all the evidence.

A party is entitled to summary judgment if it can show that one essential element of the non-movant's case is missing.[6] It does not follow that just because summary judgment is not warranted based on that one element of the case, the non-movant is protected from a fee award arising out of other aspects of the case.[7] Such a situation may fall under the exception in *Porter* where the court has not seen or reviewed the facts related to other elements of the non-movant's position.[8]

That is the case here. "[Southeast] sued . . . on open account. As both a defense and a counterclaim, Atwood and Pennington asserted breach of contract and breach of warranty on the ground that some of the merchandise Southeast shipped to them was defective. On Southeast's motion for summary judgment, the court ruled that Atwood and Pennington were barred from any remedy due to their failure to give notice of defects that complies with OCGA § 11-2-607 (3) (a)."[9] *Atwood I* reversed the trial court solely on this Uniform Commercial Code notice issue. Thus the only ruling by this Court was that there was an issue of fact about notice of acceptance of defective goods under the UCC.

The trial court's fee award is based on issues unrelated to the UCC notice issue. Instead, it rests on a determination that appellants failed to show a reasonable basis for the defense that they were entitled to a reduction of the amount owed Southeast for time spent inspecting each mattress for flaws, and on their counterclaim for return of three specific mattresses. This could not have been anticipated by the court when it addressed summary judgment.

The trial court later denied a motion for directed verdict by Southeast on the issues presented in the fee award. Appellants argue

---

[5] *Porter v. Felker*, 261 Ga. 421, 422 (405 SE2d 31) (1991).

[6] *Porter*, supra, 261 Ga. at 421 (1).

[7] See, e.g., *Ansa Mufflers Corp. v. Worthington*, 201 Ga. App. 602, 603-604 (411 SE2d 573) (1991).

[8] Id.

[9] *Atwood I*, supra, 226 Ga. App. 50.

that according to *Gantt v. Bennett*,[10] the rule in *Porter* applies to denial of a motion for directed verdict as well, precluding the fee award. But the *Porter* exception for unusual cases also applies. The court's order granting attorney fees shows that, although the court denied a directed verdict on the same two issues, it in effect reversed itself when it ruled on the attorney fees motion.

In the fee order, the court found that "Atwood's testimony concerning his inspection damages for bedding received from Plaintiff did not provide a reasonable basis under OCGA § 11-2-714 for proving damages." Upon the trial court's reflective review of the evidence, the court found that portions of Atwood's testimony were "arbitrary" and others were irreconcilably inconsistent with the remainder of his testimony. The court concluded that this defense and counterclaim lacked substantial justification as defined under OCGA § 9-15-14 (b), that it was void of any justiciable issue of law or fact under OCGA § 9-15-14 (a), and that it was "interposed. . . for delay or harassment and to intentionally and unnecessarily expand the proceeding." Because appellants have elected not to include the transcript of the trial, we must conclude that the court's findings are correct.

With regard to the three mattresses, the court found that it was undisputed that prior to the litigation Southeast would have given a credit to the appellants for these three mattresses, but that the appellants and their attorney "refused to provide Plaintiff with specific notice as to these items." Plaintiff continued to agree to such credit at trial, and defendant's reserving of the demand so as to manufacture a claim did not bootstrap it into a bar to attorney fees. The jury's verdict simply acknowledged what was not questioned. Of course, a directed verdict was not appropriate in this one minor instance. The defendants were entitled to the $518 on their counterclaim; a directed verdict could not be granted. But as the trial judge found, defendants' actions unnecessarily expanded the proceedings.

In considering an award under OCGA § 9-15-14, a trial court is not necessarily bound by the denial of a motion for directed verdict. For example, a court may properly grant a motion for judgment notwithstanding the verdict where a valid motion for directed verdict was denied erroneously.[11] Or, a court may act expediently and deny such a motion so as to achieve a verdict and avoid a second trial in the event its grant of the motion would be reversed on appeal. A court's consideration of such a motion in the midst of trial should not automatically govern the application of OCGA § 9-15-14 relief, as the context and issue may differ. As stated in *Porter*, "[w]e cannot require

---

[10] 231 Ga. App. 238, 245-246 (9) (499 SE2d 75) (1998).
[11] *Executive Auto Leasing v. Guaranty Nat. Ins. Co.*, 170 Ga. App. 860 (318 SE2d 733) (1984). See also OCGA § 9-11-50 (b).

trial courts to be infallible. More importantly, if additional facts authorize an [attorney fees] award and the trial court is powerless to make an award, then the purposes of the [OCGA § 9-15-14] (deterrence of litigation abuses and recompensation for legal fees and costs) are thwarted."[12]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 27, 1999 — 

*McFarland & Associates, Robert P. McFarland,* for appellants.
*Banks, Stubbs & Neville, John R. Neville,* for appellee.

