## A07A0775. JOHNSTON v. CORREALE.

(648 SE2d 180)

MIKELL, Judge.

We granted this discretionary appeal to review an award of $21,041.10 in attorney fees to Scott Correale, who was granted a directed verdict at the trial of Debra Johnston's claims against him for fraud and negligent misrepresentation, among others, arising out of Correale's recommendation of a contractor to renovate Johnston's home.[1] The trial court awarded Correale attorney fees under OCGA § 9-15-14 after this Court affirmed the grant of the directed verdict.[2] Because the trial court did not enter findings of conduct that authorize such an award, we vacate the order and remand the case to the trial court to reconsider the award and to enter an appropriate judgment.

1. Correale filed a motion seeking attorney fees pursuant to OCGA § 9-15-14 (b), which allows the trial court to

> assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if . . . it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . . "[L]acked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.[3]

A trial court's award of fees under OCGA § 9-15-14 (b) is discretionary, and the standard of review on appeal is abuse of discretion.[4] When a trial court exercises its discretion to award such attorney fees and costs, however, "it is incumbent upon the court to specify the conduct upon which the award is made. A judgment devoid of such findings must be vacated, and the case must be remanded for reconsideration."[5] The order in the case at bar awards Correale attorney fees "for having to defend himself against the spurious claims and groundless Complaint initially filed by the Plaintiff." These findings

---

[1] *Johnston v. Correale*, 272 Ga. App. 502, 503 (612 SE2d 829) (2005).

[2] Id. at 506 (4).

[3] OCGA § 9-15-14 (b).

[4] *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723) (1993).

[5] (Citation and punctuation omitted.) *Hall v. Monroe County*, 271 Ga. App. 895, 897 (2) (611 SE2d 120) (2005). See also *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006); *Meister v. Brock*, 268 Ga. App. 849, 850-851 (2) (602 SE2d 867) (2004).

are insufficient to support the award of fees under OCGA § 9-15-14.[6] "To the extent the . . . fee award rests on OCGA § 9-15-14, therefore, we must vacate the award and remand this case to the trial court for appropriate findings of fact."[7] Furthermore, upon remand, the court is directed to issue findings as to the reasonableness of the fees awarded. In order to recover attorney fees, a prevailing party must prove both their actual cost and their reasonableness,[8] and the record contains no evidence on this issue.

2. We must also consider whether the award should be vacated because Correale's motion for summary judgment was denied. Our Supreme Court directed in *Porter v. Felker*[9] that "a trial court's award to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees."[10] Johnston argues that no unforeseen circumstances arose following the denial of summary judgment because the facts and legal arguments upon which Correale relied in his motion for summary judgment were the same as those he relied upon in moving for a directed verdict. Correale counters that Johnston's complete inability to support her claims at trial was such an unforeseen circumstance. In affirming the directed verdict and judgment entered in favor of Correale, we stated that "Johnston simply has not supported her legal claims in this case, although the facts may nonetheless make Correale's actions seem unsavory at best."[11] Correale argues that this statement is sufficient to constitute a finding that the trial court could not have foreseen facts at the summary judgment stage which would authorize an award of attorney fees to him. We do not agree, as the statement was a comment upon the evidence adduced at trial and was not addressed to the denial of summary judgment. But the Supreme Court recognized in *Porter* that "[w]e cannot require trial courts to be infallible"[12] in ruling on motions for summary judgment. Therefore, upon remand, we will give the trial court the opportunity to determine whether additional facts adduced after the denial of summary judgment authorized an award of attorney fees.

---

[6] See, e.g., *Interfinancial Midtown v. Choate Constr. Co.*, 284 Ga. App. 747, 752 (3) (b) (644 SE2d 281) (2007) (conclusion that motion was filed "without justification" and "utter[ly] lack[ed] . . . merit" held insufficient to support award of attorney fees) (punctuation omitted).

[7] (Footnote omitted.) *Cotting v. Cotting*, 261 Ga. App. 370, 371 (1) (582 SE2d 527) (2003).

[8] See *Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001). See also *Gray v. King*, 270 Ga. App. 855, 858 (2) (b) (608 SE2d 320) (2004).

[9] 261 Ga. 421 (405 SE2d 31) (1991).

[10] Id. at 422 (3). Accord *Dills v. Bohannon*, 208 Ga. App. 531, 532 (431 SE2d 123) (1993).

[11] *Johnston*, supra at 505 (3).

[12] *Porter*, supra at 422 (2).

In sum, we vacate the trial court's judgment, and we direct the trial court upon remand to reconsider the award under OCGA § 9-15-14 and *Porter*,[13] to make appropriate findings of fact, and to enter a new judgment from which either party is authorized to appeal.[14]

*Judgment vacated and case remanded. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 15, 2007.

*Davis, Matthews & Quigley, Vincent J. Arpey*, for appellant. *Louis Levenson*, for appellee.

---

[13] Id.

[14] See *Meister*, supra at 851 (2).

