# Court of Appeals
# of the State of Georgia

ATLANTA,  September 23, 2020

*The Court of Appeals hereby passes the following order:*

## A21D0053. GREGORY V. HEWINGS v. ROSANNA HOLLINGSWORTH.

Gregory v. Hewings and Rosanna Hollingsworth were divorced in 2009. Since that time, various motions for contempt and petitions for modification of custody have been filed. In March 2019, the trial court entered a final order awarding sole custody to Hollingsworth and modifying the parenting plan to include supervised visitation for Hewings. In separate actions, Hewings filed a motion to set aside the final order and an emergency motion for a temporary change of custody. The trial court denied both motions on March 6, 2020. Hewings filed a notice of appeal on April 6, 2020 seeking to appeal both orders, which has been docketed in Case No. A21A0112.[1]

Back in the trial court, Hewings continued to file motions, including one for a declaratory judgment and injunction, seeking to have Hollingsworth's attorney disqualified. In response, Hollingsworth filed a motion to dismiss and for attorney fees. On August 5, 2020, the trial court subsequently entered an award of attorney fees under OCGA § 9-15-14 (a) in favor of Hollingsworth and against Hewings's attorney, Lynn W. Martin, to be paid into the trial court's registry within 20 days of the entry of the order. On September 1, 2020, Hollingsworth filed a motion for contempt due to Martin's failure to pay the fees into the trial court's registry in accordance with the trial court's order. The following day, Hewings filed this discretionary application from the award of attorney fees. Hewings has also filed an

---

[1] Hewings also filed an application for discretionary appeal, which this Court denied. See Case No. A20D0397 (denied July 6, 2020).

emergency motion, asking this Court to stay the enforcement of the award of attorney fees.[2]

Pretermitting whether Hewings has standing to bring this application,[3] as he acknowledges in the application, this action remains pending before the trial court. The order Hewings seeks to appeal thus is a non-final order that did not resolve all issues in this action. As a result, he was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) to seek to do so. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). To the extent that both discretionary and interlocutory appeal procedures may apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application.[4] See *Scruggs*, 261 Ga. at 588-589 (1); see also OCGA § 5-6-35 (a) (10) (an appeal from an OCGA § 9-15-14 attorney fee award must be initiated by filing an application for discretionary review). Furthermore, contrary to Hewings's assertion in a single sentence, she has not shown that the order constitutes a collateral order that is final and immediately

---

[2] There is an almost identical application involving Martin and these same issues in Case No. A21D0054.

[3] See *In the Interest of J. R. P.*, 287 Ga. App. 621, 623-624 (2) (652 SE2d 206) (2007) (client lacks standing to challenge award to attorney fees against her attorneys); see also *Felker v. Fenlason*, 197 Ga. App. 476, 476-477 (1) (398 SE2d 754) (1990) (attorney lacks standing to appeal award of attorney fees entered solely against his client), reversed on other grounds, *Porter v. Felker*, 261 Ga. 421 (405 SE2d 31) (1991).

[4] Although Hewings sought a certificate of immediate review, no certificate was granted. See *Duke v. State*, 306 Ga. 171, 173-174 (1) (829 SE2d 348) (2019) ("Because the trial court did not issue a certificate of immediate review, [Hewings] did not satisfy that statutory requirement for bringing such an [interlocutory] appeal.") And this Court will "not review the unfettered discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings." *B & D Fabricators v. D.H. Blair Inv. Banking Corp.*, 220 Ga. App. 373, 376 (3) (469 SE2d 683) (1996).

appealable under the collateral order exception.

Hewings's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833. Additionally, Hewings's emergency motion is DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __09/23/2020__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*